SYLVESTER J. BLAKE ET AL. vs. THE BOARD OF APPEALS
OF THE CITY OF HARTFORD.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 6th—decided November 7th, 1933.

*Thomas J. Conroy,* for the appellant (defendant).

*Cyril Coleman,* for the appellees (plaintiffs).

HINMAN, J.   Under date of January 4th, 1933, Sylvester J. Blake and Max Bengs made application to

the board of appeals of the city of Hartford for permission to use premises located at 115 State Street, in Hartford, as a parking and storage station for automobiles. After due notice and hearing the board of appeals denied the permission applied for. The applicants appealed from this decision, alleging that in rendering it the board acted arbitrarily and illegally and abused its discretion. Upon this appeal the Court of Common Pleas rendered judgment reversing the decision and directing the board to issue the permit applied for, and from this judgment the board appeals to this court.

The premises to which the application relates are owned by The Connecticut Company and are known as its car barn property. They consist of an irregular parcel of land with a total frontage of 76.26 feet on State Street as its north boundary, and of 64 feet on Grove Street as its south boundary. The car barn proper fronts on State Street, extending back a distance of 282.69 feet and covering, with its passway and turn-around in the rear, approximately eighty-five per cent of the entire area of the tract. The remainder of the tract contains two smaller buildings, fronting on Grove Street, formerly used in conjunction with the car barn proper as operating headquarters for track maintenance and expressage. The appellees propose to raze the two buildings in the rear and permit the building facing on State Street to remain. From 1896 up to the present time, the premises have been used for the storage and parking of trolley and freight cars driven by electric motors.

Pursuant to an Act approved June 19th, 1925 (Special Acts, 1925, p. 987), the city of Hartford, on February 9th, 1926, adopted an ordinance dividing the city into districts or zones, and regulating the use of premises therein. References herein to provisions of this

ordinance are to the compilation with amendments to November 1st, 1929, made Exhibit A upon the appeal. See also *St. Patrick's Church Corporation v. Daniels,* 113 Conn. 132, 133, 154 Atl. 343. The premises in question are in a business zone. The ordinance as originally passed provided (Section III) that in a business zone, subject to the provisions of Section VII, no building or premises should be used and no building should be erected or altered which is arranged, intended, or designed to be used for any of certain trades, industries, or uses, therein specified. These specifications did not include automobile parking stations, and the ordinance made no specific provision concerning them. Section VII provided, "Any nonconforming use existing at the time of the passage of this ordinance may be continued and any existing building designed, arranged, intended or devoted to a nonconforming use may be reconstructed and structurally altered, and the nonconforming use therein changed subject to the following regulations:" The specified regulations included (d) "in a residence zone or a business zone, no building or premises devoted to a use permitted in a light industrial zone shall be changed into a use excluded from a light industrial zone." Section XV provided that "the board of appeals may in a specific case after public notice and hearing, and subject to appropriate conditions and safeguards determine and vary the application of the regulations herein established in harmony with their general purposes and intent" in certain specified respects, none of which are relevant to the present inquiry except a provision (1) that the board may "hear and decide appeals where it is alleged there is error in any order, requirement or decision made by the building supervisor in the enforcement of this ordinance," and (3) "permit the extension of a nonconforming use or building upon the lot occupied by such

use or building at the time of the passage of this ordinance."

On February 15th, 1927, Section III of the ordinance was amended by including (subsection 20) in the uses specified as being excluded from a business zone any "motor vehicle parking station or storage and sale of used motor vehicles, except as permitted in Section XV," and Section XV was amended by adding to the powers of the board of appeals thereunder that to (13) "permit in a business zone the use of premises for a motor vehicle parking station or for the storage and sale of motor vehicles." The effect of these amendments was to render motor vehicle parking stations inadmissible in a business zone, except as a continuance or permissible change of a nonconforming use within the provisions of Section VII, or through relaxation, by the board of appeals under Section XV as amended, of the restriction imposed by subsection 20 of Section III above quoted. Another section, XVI, contains a provision that "no change or extension of use and no alteration shall be made in a nonconforming use or premises without a certificate of occupancy having first been issued by the building supervisor that such change, extension or alteration is in conformity with the provisions of this ordinance."

It appears from both the caption and the substance of the application that it was brought under the provisions inserted by amendment in Sections III and XV, for such variation, under Section XV, of the application of the clause of Section III excluding parking stations from a business zone, as would permit the use of the described premises for that purpose. That the proceedings were of this nature is confirmed by the minutes of the hearing and action by the board of appeals which are made part of the finding. The appeal to the court from the decision of the board—an ad-

ministrative act—did not require or permit the court, by retrial *de novo*, to substitute its finding and conclusions for the decision of the board. Its functions were limited to a determination whether the board, as alleged by the appeal, had acted arbitrarily or illegally, or so unreasonably as to have abused its discretion. *Holley* v. *Sunderland*, 110 Conn. 80, 82, 174 Atl. 330; *DeFlumeri* v. *Sunderland*, 109 Conn. 583, 145 Atl. 48; *St. Patrick's Church Corporation* v. *Daniels, supra; Moynihan's Appeal*, 75 Conn. 358, 53 Atl. 903.

The trial court, in addition to the material facts already stated, found that "the proposed use of said premises as a parking station is less objectionable than the present use, and represents a higher type or grade of use than the present use," and reached the conclusions that the use of the premises for car barn purposes became, on the adoption of the zoning ordinance, a nonconforming use within the meaning of Section VII, that there has been no abandonment of this nonconforming use, and the proposed use as a parking and storage space for automobiles is not a definite and substantial departure from the present use; also, that it is a use permitted in light industrial zones and is a change permitted and authorized by Section VII of the ordinance. It concluded further that the board of appeals had no discretion but to issue the permit for such use, its action in refusing to grant the permit was arbitrary and illegal, and its decision should be reversed, and a permit issued. These conclusions are attacked by the present appeal, and error is assigned in the failure to find, instead, that the action of the board of appeals in refusing to grant the application, having factual support, was not arbitrary, unreasonable, illegal, or an abuse of discretion.

The issue presented by the application was whether the situation disclosed on the hearing before the board

was such that, consistently with the general purposes and intent of the ordinance as generally stated in Section I, the desired permit might and should be granted under Section XV notwithstanding regulation 20 in Section III excluding parking stations from a business zone. The decision of this issue rested in the discretion of the board of appeals which, while it must be exercised with skill, sound judgment, and probity, is necessarily a liberal discretion, to be overruled only when it is found that the board acted arbitrarily instead of fairly, with proper motives and upon valid reasons. *St. Patrick's Church Corporation* v. *Daniels, supra,* p. 139. The facts disclosed by the finding and the subsidiary conclusions stated are inappropriate to this issue and inadequate to sustain, upon that issue, the ultimate and decisive conclusion that the board had no discretion but to issue the permit, and that, therefore, its refusal to grant it was arbitrary and illegal. While the finding is silent as to the issue which we have held to be that actually involved in the appeal, it appears from the memorandum of decision that, upon that issue, the evidence pertaining to the necessity for additional parking space in the area in which the premises are located and to congestion and traffic hazards in the streets afforded factual support for the conclusion of the members of the board who refused consent and, therefore, that it could not be held on the evidence that they "acted arbitrarily, illegally, and from motives of bad faith." A finding and conclusion to that effect would be decisive of the only issue comprehended in the appeal from the board and would require a judgment dismissing it.

In case of a proposed use claimed to be a permissible change or extension of a nonconforming use, as distinguished from a new and original use, a provision of Section XVI, already quoted, requires as a condition

534

precedent that there be obtained from the building supervisor a certificate that the change or extension is in conformity with the provisions of the ordinance. Under Section XV it is made the duty of the board of appeals to hear and decide appeals where it is alleged there is error in a decision made by the building supervisor in the enforcement of the ordinance. Upon an application for such a certificate and appeal from the action of the building supervisor thereon to the board of appeals and from their decision to the courts the decisive issue might well be whether the proposed use constituted a continuance of or a permissible change in a nonconforming use within Section VII of the ordinance. The conclusions stated in the finding in the present case and which are attacked on this appeal would be germane to that issue had it been presented but are irrelevant and inconclusive in this proceeding.

There is error, and the cause is remanded with direction to the Court of Common Pleas to enter judgment dismissing the appeal of the petitioners.

In this opinion the other judges concurred.