Appellant is the owner of three pieces of land in New Haven, the first two pieces of which are described in paragraph 2 of her appeal from a ruling of the Board of Zoning Appeals of the City of New Haven and referred to at the hearing in this court on January 7, 1942, collectively, as the "inner lot", and a third piece described in said paragraph 2 and referred to at said hearing as the "Mead Street property" or "Third Piece."
The appellant has appealed to this court from the action of the board on September 23, 1941, denying her permission to use said "Mead Street property" ("Third Piece") for the passage of trucks to and from the "inner lot."
It would serve no useful purpose to detail herein all the subordinate facts presented to the board and to this court on appeal. The minutes of both the public hearing and the executive session of the board were placed in evidence at the hearing in this court, and marked Appellant's Ex. B.
The sole question presented herein is "whether the board has acted arbitrarily or illegally or so unreasonably as to have abused its discretion, and that is the controlling question."First National Bank Trust Co. vs. Zoning Board of Appeals,126 Conn. 228, 237, and cases therein cited. This court is not permitted "by retrial de novo, to substitute its finding and conclusions for the decision of the board." Blake vs. Boardof Appeals, 117 Conn. 527, 532. *Page 335 
An examination of the minutes of the public hearing and of the executive session of the board, together with a careful consideration of the evidence adduced in court on January 7th, has satisfied the court that the action of the board on September 23, 1941, which is the subject of this appeal, was proper and not in any way, legally speaking, an abuse of the discretion imposed in the board under the law. It is to be noted that although the board recognized that the question presented was a "close one", nevertheless its action was unanimous. To hold that the action of the board was unwarranted would indeed go far beyond the established rule in a proceeding of this character. See Grady vs. Katz, 124 Conn. 525, 529.
In an able brief filed by appellant the claim is made that the board, in denying her permission to use the driveway over the "Mead Street property" for passage of trucks of her tenant in connection with his business conducted on the "inner lot", is in effect a confiscation of the right to access to land. The short answer to this rather broad claim seems to be that the action of the board does not interfere with any business or commercial use which appellant or her tenants may wish to make of the "inner lot" (it unquestionably having been used for business, if not industrial, purposes prior to the inception of zoning regulations in New Haven and uninterruptedly to date hereof) but that the trucks to be used in connection there with over the Judson Avenue right of way to said "inner lot" (the use of which right of way thereto is apparently undisputed) cannot in the nature of things be of enormous size because of the width of said driveway, which is eight feet and six inches.
A practical observation is deemed appropriate: there are trucks of general utility and serviceable in character which can be operated through a driveway having a width of eight feet and six inches.
Appellant's present tenant is engaged in the trucking and transportation business, operating 16 trucks, 11 of which are of the trailer type hauled by tractors. The trailers have a maximum capacity of 11 tons. It is not difficult to understand the opposition made by residents in the vicinity of the "Mead Street property" (Residence B zone) to the driveway on that property being used for passage from and to appellant's "inner lot" when such use did not antedate the zoning laws in New Haven, and when such use would, if permitted, start as early *Page 336 
as 3 o'clock in the morning. Unquestionably, the decision of the board was well founded after a most careful analysis of all of the factors disclosed in its minutes.
To disturb the well-considered action of the board would in effect be adopting a course of review not in accord with principles of law in cases of this character. In short, to sustain the appeal this court would necessarily adopt an arbitrary, illegal and unreasonable attitude. This the court will not do.
The board has fully considered the equities of all the parties in interest and its action should not be disturbed.
 Accordingly, judgment will enter for the defendant board affirming its action and dismissing the appeal.