This is an appeal from the action of the Zoning Board of Appeals of West Hartford denying the petition of the Kaywell Company, of West Hartford, for a modification of the provisions of the West Hartford zoning ordinance, and for a certificate of approval for the location of a gasoline station, both to apply to certain property on the northwest corner of Auburn Road and Farmington Avenue in West Hartford.
The appellant (the petitioner before the Zoning Board of Appeals) is not the owner of the property in question, but *Page 464 
has an interest therein by virtue of a contract to purchase. This appeal comes to this court on the stenographic record made at said hearing, supplemented by certain stipulated facts which do not appear in the record of the hearing, but which were before the board as facts within their knowledge and understanding.
The property in question is a vacant lot situated at the northwest corner of Farmington Avenue and Auburn Road, measuring 145.28 feet on Farmington Avenue and 159.59 feet on Auburn Road. The petition is with regard only to the southerly portion of said lot, viz: 145.28 feet on Farmington Avenue and 99 feet on Auburn Road. The entire lot is in residential zone "E", which permits the erection of apartment houses. Farmington Avenue at Auburn Road is 48 feet wide from curb to curb. Auburn Road at Farmington Avenue is 30 feet wide from curb to curb. Auburn Road runs northerly from Farmington Avenue at approximately right-angles, and is developed with residences on the westerly side thereof, beginning at the northerly end of the property in question, and on the easterly side thereof beginning at Farmington Avenue. On Farmington Avenue the property adjoining the property in question on the west is occupied by a cavalry armory where at present are quartered 28 horses in stables provided therefor. The armory stables extend northerly adjoining the rear of several of the residence properties on the west side of Auburn Road. The property next west of the armory to the next intersecting street is devoted to business purposes — restaurant, stores, etc. Opposite, on the southerly side of Farmington Avenue, the entire block of approximately 400 feet in length is in a business zone and there is established thereon a large wayside restaurant, appurtenant illuminated signs, and spacious parking facilities. Farmington Avenue is a main artery, heavily traveled.
This appeal alleges that the requested modification of the zoning regulations: (1) are necessary to secure an appropriate development of the property; (2) that such modification is fair and reasonable because of special conditions or unnecessary hardship in view of the public and private interests involved; (3) that such modification is not inconsistent with the spirit of the zoning regulations; (4) that the location is suitable for a gasoline filling station; (5) that the board acted without evidence and against the weight of the evidence; (6) that the board acted illegally in its decision concerning the suitability *Page 465 
of the location; (7) that the board's decision constituted an abuse of the discretion vested in it.
At the hearing before the board all members were present. Following the hearing, the petitioner's application was denied by unanimous vote, and the minutes of the board recorded the following: "The action was taken as no real evidence had been presented to warrant an unnecessary hardship and on grounds of public safety."
The property in question is at present zoned as "E" residential, permitting no building to be erected or altered to accommodate more than one family for each 750 square feet of the area of the lot. This permits apartment houses (Sec. 10(7)(8) West Hartford Zoning Regulations). A gasoline station is not permitted except in a business district (Sec. 5A (6), W.H.Z.R.) or in an industrial district (Sec. 6A, W.H.Z.R.). Except, however, that the Board of Appeals may make special exceptions as set forth in Sec. 20A as follows: "When in its judgment the public convenience and welfare will be substantially served, and the appropriate use of neighboring property will not be substantially or permanently injured, the Board of Appeals may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows: (9) In any district, such modification of the requirements of these regulations as said Board may deem necessary to secure an appropriate development of a lot where adjacent to such lots there are buildings that do not conform to these regulations; or (B) on application in a specific case, the Board of Appeals may alter, vary or modify the application to a particular lot or building of any provision of these regulations where, owing to special conditions of practical difficulty or unnecessary hardship, and in view both of the private and public interests involved, such variation is deemed fair and reasonable and not inconsistent with the spirit of these regulations."
It follows, then, that the authority of the Board of Appeals to make exceptions is governed by the above provisions in the zoning regulations. Except, however, that a finding of "public convenience and welfare" which is the equivalent of "public convenience and necessity" is not to be considered, since it is not a proper regulatory measure but rather a violation of constitutional provisions. State vs. Kievman, 116 Conn. 458, *Page 466 
470; Perdue vs. Zoning Board of Appeals, 118 id. 174, 179.
Since in the instant case the application also asks for a certificate of approval for a gasoline filling station, the board of appeals must also be guided by section 647c of the 1935 Cumulative Supplement to the General Statutes, which provides in part as follows: "No such certificate shall be issued unless such .... board of appeals shall find that such location is suitable for the sale of gasoline and other products, due consideration being given to the proximity of schools, churches, theaters or playhouses, or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of such proposed location will not imperil the safety of the public...."
The controlling question before this court is whether or not the Board of Appeals acted illegally, arbitrarily, or so unreasonably as to have abused its discretion. The functions of this court on an appeal from the decision of a Zoning Board of Appeals denying a petition for a variation of a zoning ordinance are limited to a determination whether the Board of Appeals has acted illegally or arbitrarily, or so unreasonably as to have abused its discretion, and do not permit the court by a trial de novo to substitute its finding and conclusions for the decision of the Board of Appeals. Blake vs. Board ofAppeals, 117 Conn. 527, 531; Piccolo vs. West Haven,
120 id. 449, 453; DePalma vs. Town Plan Commission of Greenwich,
123 id. 257, 266; First National Bank Trust Co. vs.Zoning Board of Appeals, 126 id. 228, 237; Rommell vs.Walsh, 127 id. 272, 279; Torello vs. Board of Zoning Appealsof New Haven, id. 307, 310; Conn. Baptist Convention vs.Murphy, 128 id. 261, 264; Colonial Beacon Oil Co. vs. ZoningBoard of Appeals, id. 351, 354.
The evidence before the board indicated the petitioner's desire to have erected on this property a gasoline station, with service building and lubricatorium of white stucco of the latest modern design and sanitary improvements; four gasoline pumps with underground tank capacity of 7,000 gallons. The plans call for two entrances from Farmington Avenue and one from Auburn Road of approximately 25 feet in width each, the buildings to be of fairly expensive construction, and the plot decorated with a four-foot picket fence and the yard of bituminous paving, with grass between the *Page 467 
curb and the sidewalk. The buildings, pumps and equipment are to be well within all building and building line requirements. The petitioner produced two real estate appraisal experts of unquestioned qualifications. One testified that for gasoline filling station purposes this plot of land is worth $200 a front foot on Farmington Avenue, or approximately $30,000; the other $150, or $26,250. They both agreed that for apartment house purposes, for which the property is now zoned, the value is $100 per front foot, or approximately $15,000. They both further testified that in their opinion the erection and maintenance of a gasoline filling station of the type contemplated would not adversely affect the values of the surrounding properties, either business or residential on Farmington Avenue and on Auburn road in this vicinity. There was no testimony contra except that of local residents and the representative of a bank who admitted unfamiliarity with real estate values. Several owners of residential property on Auburn Road appeared and spoke in opposition to the granting of the petition, stating that they believed that a gasoline filling station on this corner would create a serious additional traffic hazard, particularly in view of the presence of the cavalry armory property next west, the large wayside restaurant across the street, the constant traffic in and out of and parking about said armory and restaurant, the narrow width of Auburn Road, and the presence of children going to and from school. In addition, these residents of the neighborhood further objected to the establishment of this type of use for this property, claiming that the attendant activities of the business of a large gasoline station would be subversive not only of property values but also of the comfortable and peaceful occupancy of their homes in a residential district.
The primary purpose of zoning is to promote the health, safety, welfare and prosperity of the community. Strain vs.Mims, 123 Conn. 275, 286; First National Bank Trust Co.vs. Zoning Board of Appeals, supra. The comfortable and peaceable occupancy of homes which the residents of a community are entitled to enjoy, their general welfare and health should be considered by a zoning board of appeals in exercising its discretion when variation of the ordinance is sought.First National Bank Trust Co. vs Zoning Board of Appeals,supra. Although it is an element in the situation which is to be carefully considered, disadvantage in property value or income, or both, to a single owner of property resulting from *Page 468 
the application of zoning restrictions does not ordinarily warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship. First National Bank Trust Co.vs. Zoning Board of Appeals, supra, and cases cited therein. The owner of the property which is the subject of the application to the Board of Appeals is not a party to this action. The petitioner before said board (the appellant herein) has only an interest by virtue of a "bond for deed for the purchase of this property", and the evidence before the board relates that this petitioner will not purchase the property unless the board shall grant "this permit." The record does not disclose, nor even indicate, in what manner or to what extent, if any, that this petitioner is suffering or may suffer injury by reason of the differences in appraised valuation of this property. A careful examination of the record affords ample justification for the board's finding that "no real evidence had been presented to warrant an unnecessary hardship" to this appellant.
The discretion in judgment as to whether or not the appropriate use of neighboring property will be substantially or permanently injured; whether a variation is necessary to secure an appropriate development of this property, or whether there are special conditions of practical difficulty, or unnecessary hardship, is for the Board of Appeals to decide within their own sound discretion, having due regard to that which is fair and reasonable and not inconsistent with the spirit of the zoning regulations. It is not for the court to substitute its judgment for the discretion of this administrative board, but to determine whether the latter acted legally and in a proper exercise of the discretion invested in it. Rommell vs. Walsh,supra. There is a presumption that the Board of Appeals has acted with fair and proper motives, skill and sound judgment, which presumption should stand in the absence of any showing of facts to the contrary. This Board of Appeals is clothed with a liberal discretion, and while that discretion must be exercised with skill, judgment and probity, it is to be overruled only when it is found that the board has not acted fairly and with proper motives and upon valid reasons. First NationalBank Trust Co. vs. Zoning Board of Appeals, supra.
The power to authorize variations from the general provisions of a zoning regulation is granted only for relief in specific cases and exceptional instances, and it is to be sparingly exercised. Grady vs. Katz, 124 Conn. 525, 529.
After full hearing the Board of Appeals has in its judgment *Page 469 
determined that conditions under which an exception to the zoning regulations should be made do not exist to the extent that in view of both the private and public interests involved, such variation is fair and reasonable and consistent with the spirit of said zoning regulations. Also said Board of Appeals has specifically found reason for denial "on the grounds of public safety", which certainly means that they are unable to find "that such use of such proposed location will not imperil the safety of the public" as is required by section 647c of the 1935 Cumulative Supplement to the General Statutes before a certificate of approval for the location of a gasoline filling station required by section 552e of the 1939 Supplement to the General Statutes can be issued.
The appellant contends that section 552e of the 1939 Supplement to the General Statutes is unconstitutional. Said section 552e provides, in part, as follows: "Any person who shall desire to obtain a license for the sale of gasoline or other product .... shall first obtain and present to the commissioner of motor vehicles a certificate of approval of the location for which such license is desired from .... the board of appeals."
The appellant's claim is without merit. The statute is the basis and foundation of the petitioner's application. This appeal is the appeal provided by law from actions of the Board of Appeals under this statute. The application to the zoning board and this appeal is an acceptance of the validity of the statute and of the remedy provided by it, and is an acknowledgment to the court of the validity of the Act under which the application was made.
"If the statute is held void his application and appeal must go with its downfall. The two positions are entirely inconsistent, and utterly repugnant to any reasonable procedure."Holley vs. Sunderland, 110 Conn. 80, 86.
 This court is unable to find that the action of the Board of Appeals in denying the petition is illegal, or so devoid of factual support from the evidence before it that its decision is arbitrary, or so unreasonable as to constitute an abuse of its discretion. The appeal is, therefore, dismissed.