J. Henry Chouinard et al. *v.* Zoning Commission of the Town of East Hartford

Brown, C. J., Baldwin, Inglis, O'Sullivan and Quinlan, Js.

Argued April 9—decided May 19, 1953

*Ralph C. Dixon,* with whom was *C. Duane Blinn,* for the appellants (plaintiffs).

*John D. Brennan,* with whom was *Louis B. Warren,* for the appellee (defendant).

BALDWIN, J. The plaintiffs applied to the zoning commission of the town of East Hartford for a change of zone for property owned by them and located in an "A" residence zone, and the commission denied their application. Their appeal to the Court of Common Pleas was dismissed, and from the judgment rendered thereon they have now appealed to this court.

The facts found by the trial court may be stated as follows: The plaintiffs own land on the northwest corner at the intersection of Broad and Main Streets in East Hartford. It is presently zoned "A" residence. They applied to the commission for a change of zone to "A" business for a part of this land with a frontage of 290 feet on Main Street and 232.12 feet on Broad Street, and for a change of zone to "parking" for another portion fronting 110 feet on Main Street, adjacent to and just north of the parcel first described. See East Hartford Bldg. Zone Regs. (1949) §§ 3, 4-A. The commission denied their application.

The plaintiffs' land has been zoned "A" residence since the adoption of the zoning ordinance on March 1, 1927. In recent years, many new homes have been built in the area around the plaintiffs' property. The land to the north, west and south is zoned "A"

residence and is occupied by dwellings, many of them costing from $12,000 to $15,000. At the intersection of Main and Sutton Streets, about 1000 feet north of the plaintiffs' property, there is an "A" business zone. In February, 1930, the commission reclassified, from "A" residence to "A" business land belonging to Joseph Godar on the northeast corner at the intersection of Maple and Main Streets. This land lies directly across Main Street from the plaintiffs' land and has a frontage of 68.46 feet on Main Street. In May, 1941, the commission changed, from "A" residence to "A" business, an additional parcel of Godar's land adjacent to and just north of the other parcel and fronting 57.05 feet on Main Street. The second change was made "to allow the expansion or enlargement of business in this particular locality." There are a grill, a drugstore, a tailor shop and a market on the Godar land. It is assessed for taxation purposes at the rate of $100 a front foot on Main Street. The plaintiffs' land is assessed at $15 a front foot. There are no business zones south of these properties to the town line. Ten property owners within 200 feet of the land for which the plaintiffs seek a change of zone, and forty-six people residing in the vicinity, presented a petition opposing any zone change. Upon these facts, the trial court sustained the action of the commission in denying the plaintiffs' application.

The plaintiffs seek to correct the finding by adding certain paragraphs of their draft finding. These paragraphs are predicated upon the testimony of a real estate expert who was the only witness called in the Court of Common Pleas. A fact is not an admitted or undisputed fact because the witness who testified to it has not been contradicted. The acceptance or rejection of testimony is a matter for

the trial court. Practice Book § 397; Maltbie, Conn. App. Proc., p. 124. The finding is not subject to the correction claimed by the plaintiffs.

The question before the court was whether the commission acted arbitrarily or illegally, or so unreasonably as to have abused its discretion. The burden of proof is always on the plaintiff. *Perdue* v. *Zoning Board of Appeals,* 118 Conn. 174, 178, 171 A. 26; *DeFelice* v. *Zoning Board of Appeals,* 130 Conn. 156, 164, 32 A.2d 635. Zoning authorities are endowed with a wide and liberal discretion. *Mallory* v. *West Hartford,* 138 Conn. 497, 505, 86 A.2d 668. This must be so because circumstances and conditions affecting zone regulations and changes are matters of local concern and peculiarly within the knowledge of the local authorities. *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 710, 88 A.2d 538. Neither the trial court nor this court can substitute its own discretion for that of the commission. Id., 709; *Blake* v. *Board of Appeals,* 117 Conn. 527, 533, 169 A. 195; *Piccolo* v. *West Haven,* 120 Conn. 449, 455, 181 A. 615. These rules are the guideposts along the way to a decision on an appeal such as this.

The plaintiffs point to the fact that the commission enlarged the business zone on the Godar property in 1941 and so indicated its plan to devote this general area to business. They argue that a further expansion such as their application seeks is now necessary. In this connection, we observe that the plaintiffs' application asks for a change of zone from residence to business and parking for land having a frontage on Main Street more than three times as great as that of the business zone on the Godar property across the street. Then, too, there is the large business zone 1000 feet north of the plaintiffs' land. The commission apparently did not believe, nor did the court

find, that there was a public need for the establishment of any such new business zone as the plaintiffs proposed. See *Bartram* v. *Zoning Board,* 136 Conn. 89, 95, 68 A.2d 308. The plaintiffs also claim that business would be the highest and best use for their land. Here again, the commission has refused to accept this claim and the court to find that it was so. See *Mallory* v. *West Hartford,* 138 Conn. 497, 503, 86 A.2d 668; see also A-294 Rec. & Briefs, back of p. 29, par. 42.

The plaintiffs assert that the change they propose would not be spot zoning but would be in keeping with the comprehensive plan of zoning for the town. Whether the proposed change constitutes spot zoning is not a decisive issue on the record of this case. The minutes of the executive meeting of the commission following the hearing do not disclose that its decision was based upon this reason. The trial court's conclusion that the proposed change would be spot zoning could in no event constitute reversible error where there are other valid grounds to support the judgment. Maltbie, Conn. App. Proc., § 18. The plaintiffs charge that the action of the commission was discriminatory because it did not grant to their property the same privileges as it had previously granted to the Godar property, which is similarly situated. In zoning, a line must be drawn somewhere. If it is not, by a process of chain reaction set up in the next adjoining property owners, a business or other zone could be extended indefinitely. The state, through the authority which it vests in zoning commissions, regulates the use of property in the interest of the public health, safety or welfare. To the extent that this is done reasonably, the public interest is supreme and private interest must give way. *Windsor* v. *Whitney,* 95 Conn. 357, 366, 111 A. 354; *Bar-*

*tram* v. *Zoning Commission,* 136 Conn. 89, 96, 68 A.2d 308. There is no claim that the zoning ordinance is invalid. Where the commission, acting pursuant to it, has done so reasonably, there is no legal discrimination to warrant a reversal of its decision.

There is no error.

In this opinion the other judges concurred.