ELLEN DELMAR *v.* PLANNING AND ZONING BOARD OF THE TOWN OF MILFORD ET AL.

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE NO. 49335

Memorandum filed April 7, 1954.

*Melvin Fennell,* of Bridgeport, for the plaintiff.

*Richard H. Lynch* and *Richard H. Simons,* both of Milford, and *Herbert L. Emanuelson,* of New Haven, for the defendants.

FITZGERALD, J. The question for decision is the legal propriety of the defendant board in denying the plaintiff's application for approval to conduct a motor vehicle junk yard business on a lot area of 1.3 acres abutting Old Gate Lane, in Milford. The location is in a heavy industrial zone. Zoning regulations of Milford do not prohibit such use in a zone of this character. Relevant statutes are contained in chap-

ter 230 of the General Statutes of Connecticut, with particular reference to Sections 4655 and 4656.

On March 8, 1954, the appeal was presented to the court on the record brought before it for review. Thereafter court and counsel visited the location of the property and viewed the surrounding locality. Counsel have since filed vigorous briefs which have been examined with care.

The plaintiff concedes as she must, that the mere fact that the property in question is in an industrial zone does not in itself entitle her to the issuance of a certificate of approval by the defendant board. *Miller* v. *Zoning Board of Appeals,* 138 Conn. 610, 614. So it is that general principles have to be considered in testing the limits of the problem as a whole.

In an appeal to the court from the action of a zoning authority the controlling question presented is whether that authority acted arbitrarily or illegally, or so unreasonably as to have abused its discretion. The burden of so proving is on that party who occupies the status of party plaintiff. The zoning authority is endowed with a wide and liberal discretion. The discretion reposed is subject to overrule only when it is found that the authority has not acted fairly, with proper motives and upon valid reasons. In the latter connection it should be noted that circumstances and conditions affecting zone regulations and changes are primarily matters of local concern and peculiarly within the knowledge of the zoning authority. And so far as matters of discretion are concerned, neither this court nor the Supreme Court of Errors can substitute its own discretion for that of the zoning authority.

In a long line of noteworthy Connecticut cases our Supreme Court of Errors has given substance and vitality to the foregoing rules by stress and reiteration. For the most part those cases and the rules

stated are collected in *Mallory* v. *West Hartford,* 138 Conn. 497, 505, and in *Chouinard* v. *Zoning Commission,* 139 Conn. 728, 731. In the latter case Justice Baldwin made this pertinent observation: "These rules are the guideposts along the way to a decision on an appeal such as this." See, also, later cases such as *McMahon* v. *Board of Zoning Appeals,* 140 Conn. 433, 438; *Parsons* v. *Board of Zoning Appeals,* 140 Conn. 290, 296.

The case of *Miller* v. *Zoning Board of Appeals,* 138 Conn. 610, has been emphasized by all parties. The defendants take the position that it is authority for the board's action of denial. The plaintiff argues that facts alter cases, and that the facts of record in that case distinguish it from the case at bar. It is said in the *Miller* case (p. 614): "A motor vehicle junk yard is an eyesore. To locate one in proximity to property used for residential purposes might reasonably be considered something approaching a public nuisance."

The property in question in the appeal at bar is not located in proximity to property used for residential purposes. It is, however, surrounded by property to which industrial uses are made, and yet such property is beautifully kept as to well designed modern buildings and landscaping. A view of the locality has satisfied the court that there are residential zones in Milford and elsewhere in Connecticut which are not from an esthetic standpoint on par with the character of the industrial zone in which the property in question is a part. The statute (§ 4656) specifically authorizes the defendant board to "take into account the nature and development of surrounding property."

While the board's reasons of denial could have been more broadly stated, the second reason is sufficiently supported by the record as a whole and the physical

situation as it presently exists. This conclusion is in itself decisive of the appeal. Further discussion is not required.

In view of the foregoing, the action of the defendant board is affirmed, and the appeal dismissed. Let judgment enter accordingly.