## QUIET AUTOMATIC BURNER CORPORATION *v.* RICHARD J. WETSTONE

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued February 8—decided March 16, 1956

*I. Albert Lehrer,* with whom were *Frederick D. Neusner* and, on the brief, *Lloyd G. Bates, Jr.,* for the appellant (defendant).

*Edward Seltzer,* with whom were *Frank V. DeNezzo* and, on the brief, *Donald H. Clark,* for the appellee (plaintiff).

DALY, J. The plaintiff brought this action to recover the purchase price of an air-conditioning unit claimed to have been sold to the defendant. The answer consisted of a general denial and a special defense alleging negligence and breach of contract. The defendant, by counterclaim, sought to recover damages from the plaintiff. The court rendered judgment for the plaintiff and the defendant has appealed.

The material facts are the following: The plaintiff has a factory and place of business in Montclair, New Jersey, and is engaged in the manufacture and sale of furnaces. Prior to October 1, 1951, the defendant, whose place of business is in Hartford, telephoned the plaintiff, ordered an air-conditioning unit complete with burner and controls, and directed the plaintiff to ship it by truck. The plaintiff assembled the unit and delivered it, in a crate and three cartons, to a carrier for delivery to the defendant. The carrier made out a straight bill of lading dated October 1, 1951. After the plaintiff had delivered the unit to the carrier, the defendant sent the plaintiff a written purchase order, dated October 11, 1951, directing the plaintiff to ship the unit to the Hayes-Te Machine Company in Unionville, Connecticut. On or about October 19, the carrier delivered the unit to the defendant at his place of business, where an unqualified receipt accepting delivery of it in good

order was signed. Thereafter, the carrier delivered it to the Hayes-Te Machine Company, the defendant having notified the carrier that it should do so. The unit was examined, after its delivery to the Hayes-Te company on or about October 29, and was found to be slightly damaged, the damage consisting of two dents in the surface of the cabinet, two dented brackets and some loose fire bricks. On November 9, the defendant directed that the unit be returned to the plaintiff. The latter refused to accept it from the carrier. At no time prior to the reshipment did the defendant or its agents notify the plaintiff of any claimed defects in or damage to the unit. On three occasions the carrier notified the defendant of the plaintiff's refusal to accept it and requested instructions from him, but he gave none.

The defendant seeks to have the finding corrected by having certain paragraphs of his draft finding added to it. He claims that the facts which he seeks to have added were admitted or undisputed. A fact is not an admitted or undisputed fact because the witness who testified to it has not been contradicted. The acceptance or rejection of testimony is a matter for the trial court. *Chouinard* v. *Zoning Commission,* 139 Conn. 728, 730, 97 A.2d 562; Practice Book § 397; Maltbie, Conn. App. Proc., p. 124. The finding is not subject to correction.

The defendant maintains that he did not have a reasonable opportunity to examine the unit when it was delivered to him in Hartford and that, consequently, under the pertinent provisions of § 6662 of the General Statutes[1] he is not deemed to have

[1] "Sec. 6662. RIGHT TO EXAMINE THE GOODS. When goods which he has not previously examined are delivered to the buyer, he is not deemed to have accepted such goods unless and until he has had a reasonable opportunity of examining the same for the purpose

accepted it. The plaintiff was in no way responsible for the failure of the defendant to avail himself of the opportunity to examine the unit after it was delivered to him. A buyer is given the right of examining the goods to enable him to ascertain whether they are in conformity with the terms of the contract. This right may be waived. The unit having been delivered to the defendant, he, by his failure to examine it, waived his right to do so. *Urbansky* v. *Kutinsky,* 86 Conn. 22, 27, 84 A. 317. In addition, § 6663 provides that "[t]he buyer is deemed to have accepted the goods . . . when the goods have been delivered to him and he does any act in relation to them which is inconsistent with the ownership of the seller." The defendant's conduct in ordering the carrier to deliver the unit to the Hayes-Te company after it had been delivered to him was inconsistent with the ownership of the plaintiff and justified the conclusion that the defendant had accepted the unit.

In the counterclaim, the defendant claimed damages for negligence of the plaintiff in packing the unit and for breach of the implied warranty of fitness. On the trial, the defendant made no claim that he had proved the negligence he had alleged. The court found, and was warranted in finding, that the damage to the unit was so slight that it was de minimis. Under these circumstances, the court was warranted in concluding that judgment on the counterclaim should be rendered in favor of the plaintiff.

of ascertaining whether they are in conformity with the contract. Unless otherwise agreed, when the seller tenders delivery of goods to the buyer, he is bound, on request, to afford the buyer a reasonable opportunity of examining the goods for the purpose of ascertaining whether they are in conformity with the contract. . . ."

The remaining assignments of error are without merit.

There is no error.

In this opinion the other judges concurred.