WILLIE BANKS ET AL. *v.* ANNA ADELMAN [LOUIS
ADELMAN, ADMINISTRATOR, SUBSTITUTED
DEFENDANT]

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued November 8—decided December 27, 1956

The appellants filed a motion for reargument
which was denied.

*Paul M. Palten,* for the appellants (plaintiffs).

*Simon J. Beizer,* with whom, on the brief, was
*Morris G. Beizer,* for the appellee (defendant).

BALDWIN, J. The plaintiffs, as tenants, brought this action under § 2231c of the 1953 Cumulative Supplement to recover from their landlord for rent charged in excess of the maximum prescribed by the act regulating rents in housing accommodations. Cum. Sup. 1953, c. 356. Section 2231c forbids the acceptance of a payment of rent in excess of the legal limit and gives to the tenant overcharged a right of recovery from his landlord for reasonable attorney's fees and costs as determined by the court, plus liquidated damages of either $50 or three times the amount of the excess collected, whichever is greater, "provided, the amount of such liquidated damages shall be the amount of the overcharge . . . if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation."

The salient facts are these: For more than a year prior to December 27, 1954, Anna Adelman, hereinafter called the defendant, had owned a tenement house on Wooster Street in Hartford. The tenement on the first floor consisted of three rooms, a kitchen and a bath. The maximum legal rent permitted for this tenement, under the provisions of § 2228c of the 1953 Cumulative Supplement, was $30 a month. The tenement was not registered as a rooming house. For more than a year prior to the institution of this action, the plaintiffs Willie Banks and Earl Boykins each occupied one room with the privilege of sharing the kitchen and the bathroom. They paid rent to the defendant at the rate of $10 and $14 a week, respectively. The plaintiff Nathaniel Goodine occupied the third room in the tenement, with like privileges in the kitchen and the bathroom, from April, 1954, to November 1, 1954. During that time he paid the defendant rent of $12 a week. He then

moved to a room on another floor and paid rent at the rate of $12.50 a week until the institution of this action. The plaintiffs did not make any inquiries of the state rent control office regarding the maximum legal rent, and the records of the office do not disclose any complaints relating to their tenancies. The records, however, do show complaints as to other tenements owned by the defendant. These complaints were disposed of under the regulations. The defendant, who died after this action was brought but before the trial, was illiterate as to the English language. She was in her seventy-ninth year and for some time prior to the beginning of this suit had been suffering from cancer and heart trouble. While the court has not so found, the plaintiffs concede that prior to 1948 she had sold all the properties owned by her and that, against the advice and wishes of members of her family, in 1948 she started buying other properties. The plaintiffs also claim, although the court has not so found, that she lived alone, was headstrong and obstinate, and would take advice from no one, choosing to conduct her real estate interests and transactions independently. She died on May 6, 1955, and her son, Louis Adelman, the administrator of her estate, was substituted as party defendant.

The court found that the violations were neither wilful nor the result of failure to take practicable precautions against their occurrence; that there had been collected, in excess of the maximum legal rent, $608 from the plaintiff Boykins, $400 from the plaintiff Willie Banks, and $358 from the plaintiff Goodine; and that $500 was due the plaintiffs as a reasonable attorney's fee for prosecuting the violations. The plaintiffs have appealed from the judgment entered upon these conclusions, assigning

error in a ruling of the court permitting an amendment to the answer, in the finding, and in the conclusions. The plaintiffs' fundamental objection to the judgment in their favor is that the court refused to award them either $50 for each week in which excess rent was charged or three times the amount of the overcharge.

We shall consider first the plaintiffs' claim that the trial court erred in allowing the defendant, after the parties had rested, to file an amendment to her answer containing a special defense alleging that the overcharges, if any, were not wilful or the result of failure to take practicable precautions against their occurrence. It appears that the court's ruling was based upon the proposition that the proposed amendment conformed with the proof already adduced by the defendant. Further, while the defendant offered no more evidence, the plaintiffs were allowed to, and did, introduce additional evidence. The ruling was within the discretion of the court, and nothing in the record indicates that this discretion was abused. *Cook* v. *Lawlor,* 139 Conn. 68, 71, 90 A.2d 164.

We consider next the plaintiffs' averments that the court's conclusion that the defendant neither acted wilfully nor failed to take practicable precautions against the occurrence of the violations was illegally, illogically and unreasonably drawn. If the court's conclusion can be sustained, it disposes of this appeal. The plaintiffs, in connection with their claims, allege extensive error in the finding of facts and seek, in effect, to substitute their draft finding for the finding which was actually made. None of the corrections sought fall within the categories of permissible corrections set forth in Practice Book § 397. They deal with the acceptance or rejection

of testimony, which is a matter for the trial court. *Chouinard* v. *Zoning Commission,* 139 Conn. 728, 730, 97 A.2d 562; *Quiet Automatic Burner Corporation* v. *Wetstone,* 143 Conn. 276, 278, 121 A.2d 635; Maltbie, Conn. App. Proc., p. 124, § 92. The inferences and conclusions drawn from the facts found are not illogical, unsound or violative of the plain rules of reason, and they must stand. *Davis* v. *Margolis,* 107 Conn. 417, 422, 140 A. 823; *Farkas* v. *Halliwell,* 136 Conn. 440, 444, 72 A.2d 648; Maltbie, Conn. App. Proc., p. 128. It is true that the administrator of the defendant had, under § 2231c, the burden of proving the exemption of his decedent from the imposition of a liability for more than the actual amount of the overcharges. Nevertheless, the court's conclusion that the overcharges of rent made by an illiterate, elderly woman who was in failing health were not wilful violations of the law is not unreasonable and illogical under the circumstances of this case. The plaintiffs resort to a statement in the memorandum of decision that the court "does not feel it could in good conscience assess this penalty," and they claim that this statement indicates an improper basis for the court's conclusion. As between a memorandum of decision and a finding, the latter must always prevail. *Stults* v. *Palmer,* 141 Conn. 709, 710, 109 A.2d 592; Maltbie, Conn. App. Proc., p. 120. Furthermore, the words quoted amount to no more than an assertion that under all the facts justice would be done by reimbursing the plaintiffs for the amount paid in excess of the legal limit.

This disposition of the case renders needless any discussion of the other claims of error.

There is no error.

In this opinion the other judges concurred.