[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding is an appeal from a decision of the Bridgewater Planning and Zoning Commission (hereinafter the "Commission") which unanimously adopted changes in the town's zoning regulations proposed in the late fall of 1987. A public hearing was duly held on December 29, 1987, and the proposed changes were adopted in their entirety on January 13, 1988.
In changing the zoning regulations, the Commission acted in accordance with the authority bestowed upon it by Secs. 8-2 and 8-3 of the General Statutes. The appellant is the owner of land affected by the subject regulations and is therefore aggrieved. Bossert Corporation v. Norwalk,157 Conn. 279, 285.
Before addressing the merits of the appeal, it is CT Page 327 entirely appropriate to set forth several preliminary rubrics. When enacting zoning changes, a commission acts in its legislative capacity. Arnold Bernhard Co. v. Planning Zoning Commission, 194 Conn. 152, 164. A court cannot substitute its judgment for the wide and liberal discretion enjoyed by a zoning authority acting within its legislative capacity. Hahn v. Zoning Commission, 162 Conn. 210, 214. Courts will not interfere with a decision to enact a zone change unless it is shown to be arbitrary, illegal, or in abuse of the commission's discretion. The burden of proof in such cases falls upon the appellant. Hawkes v. Town Plan 
Zoning Commission, 156 Conn. 207, 211. With those principles in mind, the court will address the merits of the appeal.
The appellant seeks to invalidate the aforementioned zone changes and offers three arguments to support his claim. His first assertion is that the stated reasons for the zone changes are not supported by the record. The record discloses that the Commission relied upon three premises in support of its action: (1) maintenance of property values; (2) preservation of the town's character; and (3) health, welfare and public safety of residents.[1]
The changes in the commercial zone deleted as permitted uses such establishments as medical facilities, veterinary hospitals, barber shops and printing and lithography operations.[2] The industrial regulations were amended to eliminate such uses as research and development laboratories, the processing of nonferrous metals and the manufacture and storage of plastics and chemicals including hazardous and toxic wastes.[3]
Review of the record reveals that research and storage facilities, beauty shops, and medical and veterinary uses can all pose a significant threat to a town's groundwater supplies.[4] Chemicals and hydrocarbons used in metal-working industries and those enterprises which regularly use solvents to clean parts can also prove harmful to groundwater.[5] Other uses detrimental to the quality of groundwater include printing, publishing and scientific materials and light industrial uses.[6]
In adopting zoning regulations, a commission must act to promote the health and general welfare of the community and must also seek to provide protection for existing and potential groundwater drinking supplies. See Sec. 8-2 of the General Statutes. Therefore, by eliminating uses that may prove harmful to the quality of groundwater, the Commission has acted in a manner that is consistent with its statutory mandate. CT Page 328
Various state and regional studies have designated Bridgewater as a "conservation area" and "rural environmental center."[7] Thus, the elimination of several industrial and business uses by virtue of the zoning changes is an action that may well succeed in maintaining the character of the town. It cannot be seriously argued that a town with deteriorating environmental quality would not likely suffer a decline in property values. Such a decline can be avoided by the enactment of zoning changes such as those adopted by the Commission. Since a town is free to alter its regulations whenever time, experience and responsible planning for contemporary or future conditions reasonably indicate the need for a change, the Commission cannot be said to have acted arbitrarily, illegally, or in abuse of its discretion in voting to change the Bridgewater Zoning Regulations. See Arnold Bernhard Co. v. Planning Zoning Commission, supra.
The appellant's second argument is expressed in terms that the zoning changes being inconsistent with the town's comprehensive plan and are therefore unenforceable. He draws upon Sec. 8-2 in support of his proposition. However, our courts have held that where a commission acts with the intention of promoting the best interests of the community, its actions are in harmony with the comprehensive plan. Morningside Assn. v. Planning Zoning Board, 162 Conn. 154,162. Consequently, the zone changes enacted to preserve the character of the town, maintain property values and protect the health, welfare and public safety of Bridgewater residents cannot be said to be in violation of the comprehensive plan.
The appellant's final attempt to nullify the zone changes rests upon his contention that the Commission held a public hearing only to meet statutory requirements and that it had reached a predetermined judgment to approve the zone changes regardless of the discussion that occurred at that public hearing. He emphasizes the history of courtroom battles with the land use commissions to support his claim that the zone changes were the product of predetermination and a continuing effort by the town to deny him the full use of his land. This court is well aware of the bitter, protracted and injurious litigation which has previously occurred between the parties. Assuming, arguendo, that his premise is correct, the antipathy and hostility which is easily recognizable in other controversies is not supported by the record in this instance.
The test of predetermination centers upon whether CT Page 329 Commission members "actually had made up their minds prior to the public hearing, regardless of any arguments that might have been advanced at the hearing." Cioffoletti v. Planning Zoning Commission, 209 Conn. 544, 555. The fact that Carr and the Commission share a litigious history and the view that Carr's attorney was allegedly treated rudely at the public hearing, while certainly a lack of common courtesy, if the perception is accurate, do not provide sufficient evidence to support a claim of predetermination under the above stated test.
The appeal is, accordingly, dismissed.
MORAGHAN, J.