[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has appealed from the defendant, Planning and Zoning Commission's decision to rezone his property which consists of approximately 163 acres of land and is located on the easterly side of Torringford Street in the City of Torrington. That action was part of the defendant, Planning and Zoning Commission's decision to adopt a new zoning map for the entire City of Torrington. The plaintiff's property was rezoned from an R-15 to R-25 and R-WP, two new zones which were created. The R-WP zone was created to preserve the sensitive watershed areas in the City and at the same time, allow for reasonable development of those areas.
The essential facts of this case are not in dispute. The plaintiff, Joseph J. Ficca owns approximately 163 acres of land on the easterly side of CT Page 9141 Torringford Street in the City of Torrington. At the time of the plaintiff's acquisition of said premises on July 6, 1988 the premises were zoned R-15, which under the zoning regulations of the City of Torrington allowed as a matter of right one family dwellings and authorized the Planning and Zoning Commission to approve cluster development. As a result of the widespread zone amendments adopted by the defendant planning and zoning Commission of the City of Torrington by decision captioned "Zoning regulations Amendments to add R-25, R-60 and R-130 Zones" and dated July 18, 1990, the plaintiff's parcel was rezoned from an R-15 zone to R-25 and R-WP, which requires a minimum lot size on unsewered lots of 87,000 square feet excluding wetlands and a minimum lot size on sewered lots of 65,000 square feet excluding wetlands.
The defendant, Commission, held a public hearing on the proposed new zone map and amendments to regulations which commenced on April 12, 1990 and was continued to April 26, 1990 and May 1990. At the hearing, the plaintiff, his attorneys and a battery of experts testified concerning this proposed zone change on the plaintiff's property. After the public hearing was closed, the defendant, Commission, held numerous meetings to discuss the proposed zone changes and to consider the testimony presented at the public hearing. At its July 18, 1990 meeting the commission adopted a new zoning map and regulated amendments to its regulations.
The plaintiff appealed claiming that he is aggrieved by it and in his appeal, he raised ten issued numbered A-1. In his brief, however, the plaintiff has only raised two issues. Therefore, the other eight issued raised in the complaint are considered abandoned. The plaintiff has briefed the issues as follows:
1. Whether the defendant Commission acted illegally, arbitrarily, and in abuse of the discretion vested in it by failing to rule and vote separately, distinctly, and for specific and relevant reasons with regard to the plaintiff's parcel when it made the comprehensive rezoning decision for the City of Torrington, despite the fact that plaintiff filed a written protest petition complying with the requirements of Section 8-3(b) and despite the fact that plaintiff through his attorney, raised specific objections at the public hearings to the rezoning of his property.
2. Whether the defendant commission acted illegally, arbitrarily and in an abuse of the discretion vested in it by prejudging and predetermining the zone change of the plaintiff's property prior to the public hearings regarding the comprehensive zoning change, which predetermination resulted in discrimination against Mr. Ficca and in an unreasonable deprivation of his property rights.
The plaintiff has abandoned the other issues since issues that are raised but not briefed are considered abandoned. Mather v. Griffin Hospital,207 Conn. 125 (1988); Hartford National Bank and Trust Company v. Tucker,178 Conn. 472 (1979) cert. denied 445 U.S. 904 (1980). CT Page 9142
I
The plaintiff is claiming that since he raised specific objections to the zone change and filed a written protest petition that the defendant, planning and zoning Commission had to rule separately and distinctly in regard to the zone change which affected his property.
Where a zoning authority enacts or amends its regulations, it is acting in a legislative capacity. Arnold Bernhard Co. v. Planning and Zoning Commission of Town of Westport, 194 Conn. 152 (1984); Parks v. Planning and Zoning Commission, 178 Conn. 657 (1979). When acting in this capacity, wide and liberal discretion is vested in the Commission. Hahn v. Zoning Commission of Vernon, 162 Conn. 210 (1972); Anastasiou v. Zoning Commission, 6 Conn. App. 278 (1986); Burnham v. Planning and Zoning Commission, 189 Conn. 26 (1983).
There is nothing in the General Statutes that would support the plaintiff's claim. The Statutes that deal with zone changes and the adoption or amendment of regulations contain no language that would require such a separate and distinct ruling.
Section 8-3 (c) of the General Statutes sets out the procedure for zone change. It states:
 (c) All petitions requesting a change in the regulations or the boundaries or zoning districts shall be submitted in writing and in a form prescribed by the commission and shall be considered at a public hearing within the period of time permitted under section 8-7d. The commission shall adopt or deny the changes requested in such petition. Whenever such commission makes any change in a regulation or boundary it shall state upon its record the reason why such change is made.
Section 8-2 of the General Statutes sets out the criteria for a planning and zoning commission to consider in enacting such a change. It states:
 Such regulations shall be made in accordance with a comprehensive plan and shall be designed to lessen congestion in the streets; to secure safety from fire, panic, flood and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population and to facilitate the adequate provision for transportation, water, sewerage, schools, parks and other public requirements. Such regulations shall be made with reasonable consideration as to the character of the district and its peculiar suitability for particular uses and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality. Such regulations shall also encourage the development of housing opportunities for all citizens of the municipality consistent with CT Page 9143 soil types, terrain and infrastructure capacity. Zoning regulations shall be made with reasonable consideration for the protection of existing and potential public surface and ground water supplies. . .
The plaintiff argues that since his parcel of land was rezoned as part of a comprehensive plan that the Commission could not have given his parcel of land the consideration necessary. The plaintiff has not shown that he was not given the necessary consideration only that because the zone change affecting his property was not done separately, that the Commission must have acted arbitrarily and in abuse of its discretion.
The establishment or amendment of a zoning map is a legislative function. Parks, supra; Park Regional Corp. v. Town Planning and Zoning Commission of Town of Windsor, 144 Conn. 677 (1957). The Commission has wide and liberal discretion in determining the local public need and the means of meeting it. Hahn, supra. The controlling consideration on a zone change is the community good as a whole, rather than the benefit or harm to an individual property owner. Ferndale Dairy, Inc., v. Zoning Commission of the Town of Berlin, 148 Conn. 172 (1962). Unless there was a clear abuse of discretion which resulted in unlawful discrimination against a property owner, or an unreasonable deprivation of property rights, the welfare of the public and not the gain of a private individual is the paramount consideration for a Commission in considering a zone change. Corsino v. Grover, 148 Conn. 299 (1961).
The plaintiff's claim that the Commission had to rule separately and distinctly on his parcel of land is rejected by the court.
II
The plaintiff also claims that the Commission had prejudged and predetermined the zone change which affected his property. To support his argument, the plaintiff relies on two theories. One is that two Commissioners, Ms. Murphy and Mr. Dubois, decided on the rezone before the public hearing had begun. The other is that the public hearings were held in such a manner that the Commission could not have given due consideration to the proposed zone changes and, therefore, the public hearing was perfunctory in nature and merely held to satisfy the legal requirements to effectuate a zone change.
It is well settled that hearings before administrative agencies, like a planning and zoning commission, must be held in such a manner "so as not to violate the fundamental rules of natural justice." Huck v. Inland-Wetlands and Watercourses Agency, 203 Conn. 525 (1987). Hearings are informal and need not be conducted in compliance with the strict rules of evidence. Huck, supra. Petrowski v. Norwich Free Academy, 199 Conn. 231 (1986).
The plaintiff claims that two Commissioners, Ms. Murphy and Mr. Dubois, were biased and prejudged the zone change. However, both of those commissioners disqualified themselves from voting on this matter. CT Page 9144
The plaintiff also argues that the format of the public hearing precluded the defendant Commission from considering each and every zone change. The plaintiff, his attorneys and experts attended the public hearing and attended the continuations of the public hearing. At no time did the plaintiff object to the format of the public hearing. H. He is, therefore, precluded from now objecting to the conduct of the public hearing, as he has waived that right by not objecting at the hearing.
Additionally, the plaintiff has not shown that the format of the public hearing prejudiced him in any way. The plaintiff merely makes the naked assertions that the format of the public hearing was such that the Commission was merely going through the motions in conducting perfunctory hearings. There is no evidence that the plaintiff was not afforded a fair and reasonable hearing.
III
The planning and zoning commission was free to modify its regulations whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for a change. First Hartford Realty Corp. v. Planning and Zoning Commission of Town of Bloomfield,165 Conn. 533 (1979). That power to regulate necessarily entails a certain amount of prohibition. Zelvin v. Zoning Board of Appeals of Town of Windsor, 30 Conn. Sup. 157 (1973). The enactment of zoning regulations is an exercise of police power. The police power can properly regulate the use of property where uncontrolled use would be harmful to the public interest. Vartelas v. Water Resources Commission, 146 Conn. 650 (1959). If the regulations adopted reasonably promote public health, welfare and safety, they are constitutional even though their effect might limit an individual's use of his property. Poneleit v. Dudas, 141 Conn. 413 (1954). The Commission has wide discretion in enacting or making zone changes. Hahn, supra; Larsen v. Zoning Commission of the City of Norwalk, 153 Conn. 483 (1966). Zoning legislation is valid if it serves some phases of public health, safety, welfare or convenience in a reasonable, impartial and considerate way. Clark v. Town Council of Town of West Hartford, 145 Conn. 476 (1958); West Hartford Methodist Church v. Zoning Board of Appeals of Town of West Hartford 143 Conn. 263 (1956).
As stated in Couch v. Zoning Commission, 141 Conn. 349, at 359:
 The history of zoning legislation indicates a clear intent on the part of the General Assembly that, subject to certain underlying principles, the solution of zoning questions is for the local agencies. Eden v. Town Plan Zoning Commission, 139 Conn. 59, 62, 89 A.2d 746. `The circumstances and conditions in matters of zone changes and regulations are peculiarly within the knowledge of the zoning commission. Where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority.' Kutcher v. Town Planning Commission, 138 Conn. 705, 710, 88 A.2d 538. CT Page 9145 Courts must not and legally cannot substitute their own discretion for the wide and liberal discretion enjoyed by zoning agencies. Id., 709. Chouinard v. Zoning Commission, 139 Conn. 728, 731, 97 A.2d 562.
The record adequately supports its decision to rezone that part of the City. The plaintiff's claim that the Commission had to vote separately and distinctly upon the zone changes affecting the plaintiff's property is not supported by any statute or case law.
For the reasons stated, the appeal is dismissed.
PICKETT, J.