MICHAEL DEVANEY ET AL. *v.* BOARD OF ZONING APPEALS OF THE CITY OF NEW HAVEN ET AL.

Argued November 8, 1945—decided January 29, 1946.

*Thomas R. FitzSimmons,* for the appellant (defendant Migliaro), with whom, on the brief, were *Vincent*

*P. Dooley* and *Harold C. Donegan,* for the defendant board.

*David M. Richman,* for the appellees (plaintiffs).

MALTBIE, C. J.   Vito Migliaro, on September 19, 1944, purchased a one-family dwelling house at 423 Orange Street in New Haven for the purpose of conducting a restaurant business in it.   The property was in a Residence B zone as defined in the zoning ordinance of the city, and in that zone such a use of property was forbidden, as Migliaro knew.   He applied to the building inspector for a permit to alter the first floor to adapt it for the restaurant, but this permit was refused because of the prohibition in the ordinance.   Migliaro appealed to the zoning board of appeals from that ruling.   The board held a hearing, at which property owners living in the vicinity appeared in opposition to granting the permit.   It voted, however, to grant the application, with a provision that the permission should be limited to such a use of the property by Migliaro and that no signs should be displayed.   Interested property owners took an appeal to the Court of Common Pleas and it revoked the permit.   From that decision Migliaro has appealed.

The justification for zoning in any municipality is that it serves to promote the public health, safety, welfare and prosperity of the community.   *State* v. *Hillman,* 110 Conn. 92, 100, 147 Atl. 294.   Not the least of its purposes is to stabilize property uses. *Strain* v. *Mims,* 123 Conn. 275, 287, 193 Atl. 754.   The adoption of a zoning ordinance, or, indeed, any substantial change in it, may very seriously affect property values; an individual may, on the one hand, profit greatly by reason of it or, on the other, suffer substantial loss; but if the limitations upon the use

of property are constitutional and apply reasonably and fairly to all they are valid; *State ex rel. Rowell* v. *Boyle,* 115 Conn. 406, 411, 162 Atl. 26; *Strain* v. *Mims,* supra, 286; and the individual hardship and loss must be borne in order to make possible the greater advantage to the community as a whole. *Osborn* v. *Darien,* 119 Conn. 182, 185, 175 Atl. 578. Zoning consists of "a general plan to control and direct the use and development of property in a municipality or a large part of it by dividing it into districts according to the present and potential use of the properties." *State ex rel. Spiros* v. *Payne,* 131 Conn. 647, 652, 41 Atl. (2d) 908. To attempt to give to any small group of individuals such as a zoning commission or appeal board the power to determine in the exercise of its unrestricted discretion what uses might be made of the properties in a community would not only be contrary to sound social policy but clearly unconstitutional. *State* v. *Stoddard,* 126 Conn. 623, 628, 13 Atl. (2d) 586. As, however, there may be situations where a literal enforcement of the provisions might result in serious injustice to a particular individual, it is usual to vest in the zoning commission or appeal board power to vary the regulations where there would otherwise be unnecessary hardships or practical difficulties. *Lathrop* v. *Norwich,* 111 Conn. 616, 620, 151 Atl. 183; *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 139, 154 Atl. 343. This is an exceptional power which should be sparingly exercised and can be validly used only where a situation falls fully within the specified conditions. *Thayer* v. *Board of Appeals,* 114 Conn. 15, 23, 157 Atl. 273; *Grady* v. *Katz,* 124 Conn. 525, 529, 1 Atl. (2d) 137; *Benson* v. *Zoning Board of Appeals,* 129 Conn. 280, 284, 27 Atl. (2d) 389; *DeFelice* v. *Zoning Board of Appeals,* 130 Conn. 156, 164, 32 Atl. (2d) 635; *Matter of Levy* v.

*Board of Standards & Appeals,* 267 N. Y. 347, 352, 196 N. E. 284.

The zoning ordinance before us contained these provisions: "The Board of Zoning Appeals may in appropriate cases, after public notice and hearing and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purpose and intent as follows: . . . Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of any provision of this Ordinance, or where the effect of the application of the Ordinance is arbitrary, the Board of Zoning Appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent so that the public health, safety and general welfare may be secured and substantial justice done." While the words "practical difficulties or unnecessary hardships" are found in many zoning regulations, no court, so far as we have been able to find, has ever regarded the words "practical difficulties" as having any significance in themselves; indeed, they are too lacking in precision of meaning to afford a standard sufficient to sustain the delegation of power to the board; and the phrase is construed as a whole. In applying such a provision, the requirement that any change shall be in harmony with the general purpose and intent of the ordinance is highly important. *St. John's R. C. Church* v. *Board of Adjustment or Appeals,* 125 Conn. 714, 723, 8 Atl. (2d) 1; *Matter of Levy* v. *Board of Standards & Appeals,* supra, 353; *Prusik* v. *Board of Appeal,* 262 Mass. 451, 457, 160 N. E. 312. This consideration is emphasized by the use of the adjective "unnecessary" in modification of "hardships," because it can only be related to those hardships which do not follow as the ordinary results

of the adoption of the zoning plan as a whole. An illustration of a situation where the change proposed could be held not to violate this condition may be found in *People ex rel. Fordham M. R. Church* v. *Walsh,* 244 N. Y. 280, 290, 155 N. E. 575, where permission was given to turn a stable into a garage when there were other garages in the vicinity, barns and a powerhouse of a street railway were located across the street, making sleep difficult, and the property could not be used with reasonable profit for any other purpose than that proposed. See also *Amero* v. *Board of Appeal,* 283 Mass. 45, 52, 186 N. E. 61. Where, however, the granting of the change would be clearly contrary to the provisions of the ordinance, the proposal must be scrutinized with care to insure that the situation is within the proper scope of the exceptional power to grant variations.

Our discussion of the ordinance before us in *Thayer* v. *Board of Appeals,* supra, 22, is applicable here: "Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship. 'Financial considerations alone . . . cannot govern the action of the board. They are bound to take a broader view than the apparent monetary distress of the owner. Otherwise, there would be no occasion for any zoning law.'" See also *Grady* v. *Katz,* supra, 529; *First National Bank & Trust Co.* v. *Zoning Board of Appeals,* 126 Conn. 228, 238, 10 Atl. (2d) 691. As we pointed out in *State ex rel. Rowell* v. *Boyle,* supra, 411, if the inability of an owner of land to obtain financial profit from it were the test, there would be little limit to the power of the board to grant variations. See *Benson* v. *Zoning Board of Appeals,* supra, 283. There

are, however, situations where the application of zoning to a particular property greatly decreases or practically destroys its value for any permitted use and the application of the ordinance bears so little relationship to the purposes of zoning that, as to that property, the regulation is in effect confiscatory or arbitrary. *Strain* v. *Mims,* supra, 288; *Nectow* v. *Cambridge,* 277 U. S. 183, 188, 48 Sup. Ct. 447. Provisions authorizing variation in the application of the ordinance are designed to permit changes which will prevent such results. *Brandon* v. *Montclair,* 124 N. J. L. 135, 149, 11 Atl. (2d) 304; *Scaduto* v. *Bloomfield,* 127 N. J. L. 1, 3, 20 Atl. (2d) 649; *Heffernan* v. *Zoning Board of Review,* 50 R. I. 26, 31, 144 Atl. 674. Where the only basis of the claim is economic loss from the application of the ordinance, there rarely would be justification for a variation unless this test is met. Where other considerations enter into the situation, the question necessarily must be left to the sound discretion of the board, acting within the limitations which we have pointed out, and always with regard to serving the general purposes to accomplish which a zoning ordinance is adopted and to the necessity that all property owners within a zone be treated fairly and equally. *Matter of Levy* v. *Board of Standards & Appeals,* supra, 353; *Y. W. H. Assn.* v. *Board of Standards & Appeals,* 266 N. Y. 270, 276, 194 N. E. 751.

For the decision of this case we need go no further than the statement as to the reasons for granting the permit entered upon the records of the board of zoning appeals. These were that Migliaro had purchased the property and spent some money in renovating it, that his reputation was such as to insure the operation of a respectable establishment, that use for a restaurant would not increase parking difficulties or traffic, that

there were a club and many rooming and boarding houses now in the vicinity and the use of the property as a restaurant would not greatly differ, that little change in the property need be made to adapt it to that use, and that Migliaro and his family would occupy the upper floor as a dwelling place, a consideration to which the board gave weight because the continued use of the building as a one-family house or its alteration into a two-family house would be impractical. The action of the board was not based upon any conclusion that Migliaro would suffer "practical difficulties or unnecessary hardships" if the permission was refused or that the application of the ordinance would be arbitrary. It could hardly make such findings in view of the fact that Migliaro purchased the property with full knowledge that it was located in a zone wherein the use of property for a restaurant was specifically forbidden. See *Greenwich Gas Co.* v. *Tuthill*, 113 Conn. 684, 694, 155 Atl. 850; *People ex rel. Fordham M. R. Church* v. *Walsh*, supra, 288. When he bought the property he voluntarily took a chance that he would be permitted to use it for a purpose expressly prohibited by ordinance. When the board of zoning appeals granted him that permission, it acted without authority and in clear abuse of the powers vested in it. The trial court could not do otherwise than hold that its action was unlawful.

There is no error.

In this opinion the other judges concurred.