WILLIAM F. LENNON v. ZONING BOARD OF APPEALS OF THE CITY OF WILLIMANTIC ET AL.

COURT OF COMMON PLEAS     WINDHAM COUNTY     FILE No. 668

Memorandum filed July 16, 1949

*Alva P. Loiselle,* of Willimantic, for the Plaintiff.

*Joseph P. F. Dannehy* and *Samuel B. Harvey*, of Willimantic, for the Defendants.

DEVLIN, J. This is an appeal from a ruling by the defendant board in granting permission for "making 2 additional housing units at . . ." 47 Tingley Street in the city of Willimantic.

The place in question is a two-family dwelling located in a residence B zone. Section 4 of the zoning ordinance adopted November 17, 1942, provides: "Within a "B" Zone no building shall be erected, altered or used except as either a one or two family detached or semi-detached dwelling." The effect of the grant of permission is to allow a four-family building within the district. A previous application for the same relief was filed on August 3, 1948, and subsequently denied by the board on September 22, 1948. A new application was filed on December 3, 1948, heard the following day, and reported on favorably on February 9, 1949. This forms the basis of the present appeal. Several claims of law are made, one dealing with the right of the board to reverse a former decision. The attitude of our Supreme Court in cases of this nature has been clearly set out in *Rommell v. Walsh,* 127 Conn. 272, 277, in the following language: " 'While [a zoning] board [of appeals] is invested with a liberal discretion to decide whether to reverse a former decision, it is a discretion which is subject to review in the courts and it must be reasonably and legally exercised, and based upon evidence which fairly sustains the decision . . . the test to be applied is whether new or additional facts appear showing a change of conditions or other considerations materially affecting the merits, intervening since the former decision.' " No facts appear in the minutes showing such a change in conditions.

While the reasons for the action of the board are not disclosed, it apparently based its authority to grant relief on paragraph 6 of Section 14, which provides: "Vary any requirement of these regulations in harmony with its general purpose and intent, so that substantial justice may be done. This authority shall be exercised in a manner to secure the public health, safety, and welfare solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of these regulations."

The power to authorize variations from the general provisions of a zoning regulation is granted only for relief in specific and exceptional instances, and is to be sparingly exercised. *Grady* v. *Katz,* 124, Conn. 525, 529.

The extent of the power has been well expressed in the case of *Norcross* v. *Board of Appeal,* 255 Mass. 177, 185, in the following language: "It does not extend to modifications or changes of essential particulars of the scheme of the zoning act. . . . The chief purpose of a zoning statute has relation to the public wel-

fare. The protection of health and safety are important factors. The preservation of the property of others in the neighborhood growing out of established restrictions is a matter of importance. These and other considerations must be weighed in passing upon any appeal. . . Whether the proposed building will derogate from the intent and purposes of the zoning act is a question which demands insight, vision, wisdom." The power to grant a variation, in a specific case, is also subject to specific limitations.

The board does not exercise legislative powers. It may not determine what restrictions should be imposed upon property in a particular section. It may not review the legislative general rules regulating the use of land. It may not amend such general rules or change the boundaries of the districts where they are applicable. Its function is primarily administrative. It has been entrusted only with power to grant a variation in specific cases where strict enforcement of the letter of the restriction would cause "practical difficulties or unnecessary hardships." Even then it may act only where the variation is in harmony with the general intent of the zoning restrictions so that "the public health, safety and general welfare may be secured and substantial justice done." When it acts, general rules are suspended for the benefit of individual owners and special privileges established. That it may do only where the individual owner shows that there are practical difficulties or that the restriction causes him a peculiar hardship and that a special privilege may be granted for his benefit without injury or injustice to others.

In any determination of the question whether there exist situations of practical difficulty or unnecessary hardship justifying the relaxation of the zoning regulations, there is necessarily a balancing of the considerations involved in the general public interests and those affecting the individual. *Torello* v. *Board of Zoning Appeals,* 127 Conn. 307, 311.

The question for this court is, therefore, confined to a determination of whether the facts disclosed "practical difficulties or unnecessary hardships" under the ordinance entitling the applicant to the relief sought. The minutes of the board disclosed testimony by representatives of various organizations relating to the serious housing shortage in the city of Willimantic. Assuming this to be the true state of affairs, it does not, however, clothe the board with power to annul or modify zoning regulations. *Potts* v. *Board of Adjustment,* 133 N. J. L. 230, 239. The power to repeal, modify or amend a zoning ordinance rests in the muni-

cipal body which had the power to adopt the ordinance, and not in the zoning board of appeals. *Greenwich Gas Co.* v. *Tuthill*, 113 Conn. 684, 694.

The reasons given by the applicant for the change were that "there was a need of houses" and "that it would not detract from the land value in the neighborhood." This is not sufficient proof of "practical difficulties or unnecessary hardships" as these terms are understood in our law. *Devaney* v. *Board of Zoning Appeals*, 132 Conn. 537.

A review of the evidence presented fails to disclose any factual basis supporting the conclusion reached by the board and its action in granting the permit was arbitrary, illegal and in abuse of its discretion.

The appeal is sustained.