WALTER E. MALLORY ET AL. *v.* TOWN OF WEST HARTFORD ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued December 5, 1951—decided January 29, 1952

*John S. Murtha* and *William M. Cullina,* for the appellants (plaintiffs).

*Valentine J. Sacco,* with whom were *Robert P. Butler* and *Harrison D. Schofield,* for the appellees (defendants).

JENNINGS, J.   Albany Avenue in West Hartford runs east and west; North Main Street runs north and south. These important highways intersect at Bishop's Corners in the midst of a large residential district. All four corners are zoned "business 1." On March 7, 1951, the town council approved an extension of the business zone on the southwest corner. The plaintiffs, The West Hartford Home Owners Association, Inc., and certain individual property owners, appealed to the Court of Common Pleas on the ground that, in approving this change of zone, the council "acted arbitrarily, illegally, unreasonably, without authority and in abuse of its discretion." Judgment was for the defendants, and the plaintiffs appealed to this court.

On the threshold of this appeal lies the claim of the plaintiffs that the provisions of General Statutes, § 838, were not complied with and that therefore the action of the council was void. This section is a part of chapter 43 of the General Statutes, entitled "Zoning." The section requires that notice of the time and place of the public hearing on the matter be published twice, as specified, within the fifteen days next preceding the date of the hearing; that, if a protest by 20 per cent of certain property owners is filed, a unanimous vote of the zoning commission is required; and that the commission must state upon its records the reason for its action. It is admitted that none of these requirements were met by the council, which was the zoning commission in this instance. On the other hand, it is not disputed that the procedure followed in approving the change of zone was in accordance with the provisions of 19 Special Laws 934, 935, §§ 4 and 5, as amended

by 22 Special Laws 473, §§ 172 and 173. These provisions require only one publication of the notice of the hearing and an affirmative vote of not less than five members of the council. They say nothing about recording the reason for the council's action. Section 839 of the General Statutes provides that all zoning regulations and districts or boundaries adopted by any town prior to October 1, 1947, pursuant to the General Statutes "or any special act, shall remain in full force and effect, subject to change or amendment under the provisions of section 838."

The plaintiffs claim that § 838 superseded the special laws cited. It originated in Public Acts, 1925, chapter 242, §§ 4 and 5. Though frequently amended, these sections were originally, and have remained, regulatory of procedural requirements. Similar requirements exist in the special laws cited. The differences between the two give rise to the assignment of error under discussion. Its validity depends on a construction of the statutes. The construction to be adopted depends, in turn, on the intention of the General Assembly as expressed by the acts in question. *Landry* v. *Personnel Appeal Board,* 138 Conn. 445, 447, 86 A. 2d 70.

Our conclusion is that, at least as to procedural matters, the General Assembly intended to permit West Hartford to operate under its special acts. The following facts support that conclusion. Public Acts, 1925, chapter 242, and 19 Special Laws 934 were approved the same day. This course would not have been followed if the intention had been to abrogate the special act by the general law. Public Acts, 1923, chapter 279, contained certain zoning regulations which were made applicable to West Hartford, among other towns. By 19 Special Laws 939, § 22, it was provided that the 1923 act should not apply to West Hartford. Most of

chapter 43 of the General Statutes, of which §§ 838 and 839 are a part, was enacted as a whole in 1947. Sup. 1947, §§ 121i-130i. It begins (§ 836): "Any town, city or borough may by vote of its legislative body adopt the provisions of this chapter . . . ." West Hartford never adopted chapter 43. Section 838 reads in part: "Such zoning commission shall provide for the manner in which such regulations and the boundaries of zoning districts shall be respectively enforced and established and amended or changed." The words "such zoning commission" obviously refer to the commissions described in § 836, which contains the limitation "except as otherwise provided by special act." The special acts governing West Hartford do provide otherwise.

The plaintiffs further claim that the special acts are superseded by § 838 because of a provision contained in the 1925 special act, 19 Special Laws 939, § 20, to the effect that if another statute imposes other and higher standards that statute shall govern. They claim that the requirements contained in § 838 constitute such higher standards and that, since they were not met, the action of the council was void. A reading of the entire section shows that this is not so. The requirements of § 838 under discussion are procedural. The higher standards referred to in § 20 are concerned with size of yards, number of stories and the like. Section 838 imposes no higher standards of this type.

The plaintiffs finally claim that the Connecticut cases, particularly *Willard* v. *West Hartford*, 135 Conn. 303, 63 A. 2d 847, have decided that the general statutes superseded the special acts as to West Hartford. The *Willard* case turned on a question of jurisdiction. Appeals from the zoning board of appeals to the Common Pleas or Superior Court are provided for in 19 Special Laws 937, § 11. Section 844 of the General

Statutes restricts such appeals to the Court of Common Pleas. This is permissible. *Walkinshaw* v. *O'Brien*, 130 Conn. 122, 138, 32 A. 2d 547. Section 844 is a specific application of General Statutes, § 7742. The latter is obviously intended to channel a very large class of appeals to the Court of Common Pleas as a state-wide proposition. Furthermore, it contains the provision, absent from § 838, "So much of any private act as is inconsistent herewith is hereby repealed." For the reasons stated, the plaintiffs' claims do not affect the grounds on which our decision is based. The procedural requirements of the special acts controlled.

Another assignment of error may well be disposed of at this time. The plaintiffs claim that two of the councilmen were disqualified to act as a matter of law and cite *Low* v. *Madison*, 135 Conn. 1, 60 A. 2d 774. It is not necessary to discuss in any detail the facts on which this claim is based. The conclusion that neither councilman was disqualified is fully supported by the subordinate facts. The plaintiffs take nothing by this assignment of error.

Counsel have indulged in one of the wholesale attacks on the finding which we have so frequently criticized. *Strang* v. *Witkowski*, 138 Conn. 94, 95, 82 A. 2d 624. The case was somewhat overtried by both sides, but most of the evidence was relevant and doubtless helpful to the trial court. In this court the plaintiffs seek over a hundred corrections in the finding. The basic findings must stand.

Prior to 1924 West Hartford was not zoned. The three established business districts were at the intersection of Farmington Avenue and Main Street, in Elmwood, and at Bishop's Corners. In 1925 the General Assembly authorized the town to create zoning districts. 19 Spec. Laws 934. This act was amended in 1935. 22 Spec. Laws 470. Under these acts, recom-

mendations for the establishment or change of zones are made by a town plan and zoning commission, hereinafter called the commission, to the town council. See 19 Spec. Laws 935, § 6; 22 Spec. Laws 470, § 157 et seq.

All four corners at the intersection of Albany Avenue and North Main Street were originally zoned as business 1 in accordance with the comprehensive plan adopted for the whole town, and they have remained so zoned. These business areas are of substantial size. On the west side of North Main Street they are about 200 by 300 feet and on the east side 200 by 500 feet.

The only sizable district left for residential development in West Hartford is in the northwest section of the town, and most of it is north of Bishop's Corners. Since 1946, hundreds of new homes have been built in this section. A new school has been erected nearby, and two large tracts have been purchased by the town northeast and northwest of the Corners to care for future needs. Bishop's Corners is the only business area north of the Farmington Avenue center and is about a mile and a half therefrom.

Between 1930 and 1950, the population of West Hartford nearly doubled. In 1945, with the help of expert zoning advice, both the zoning map and the regulations were revised. The commission made two special recommendations in this connection: to eliminate small "spot" business zones which had not been devoted to that use, and to enlarge the business zone at Bishop's Corners. The first recommendation was adopted but owing to opposition the second was withdrawn. At that time the total area zoned as business 1 on the four corners was 8.1 acres, and the area on the southwest corner was 1.6 acres.

On January 4, 1951, two of the defendants, being interested in the property on the northwest and south-

west corners, petitioned the commission for a change of zone from residence AA to business 1. After a public hearing, the petition as to the northwest corner was denied but that as to the southwest corner was granted by a final vote of three to two. The commission was unanimous in favoring an enlargement of the business zone on the southwest corner, but two members differed as to details and procedure. It accordingly recommended that the zoning of approximately 8.5 acres of unoccupied land adjacent to the southwest corner property already zoned as business 1 be changed from residence AA to business 1. Substantial buffer strips between the proposed business area and the existing residences in the residential zone were provided.

On March 2, 1951, the town council held a public hearing on this proposal followed by two executive sessions. By petition, letter and personal appearance at the hearing, residents of this section of West Hartford opposed the proposition. Nevertheless, on March 7, 1951, the council passed the implementing ordinance by a vote of five to two. The two dissenting councilmen actually favored enlargement of the business area at Bishop's Corners but felt that an enlargement should take place on all four corners. The vote was sufficient under 22 Special Laws 473, § 173. A factor influencing the decision was a proposal to erect business buildings on the site, one of which Lord & Taylor, a New York store, had agreed to lease. The plan also called for parking facilities for 800 cars.

The proposed use of the area in question for business development is the highest use to which the land can be put. It will set a pattern for the development of the other three corners, now not too attractive, and it will not result in a depreciation of neighboring residential property values. The land in the extension of the business zone is not susceptible of residential develop-

ment on a sound economic basis. The following important paragraph of the finding is supported by the evidence: " 'Reasonable consideration as to the character of the district and its peculiar suitability for particular uses' [19 Spec. Laws 935, § 3] was given when this business center was established in 1924; it was repeated when the new zoning map was adopted in May, 1946; it was emphasized in the recommendation of the Town Plan and Zoning Commission in 1946 that the business zone on all four of these corners should be greatly enlarged at that time; and is realized in the present action of the Town Plan and Zoning Commission and of the Town Council." The trial court viewed the locus at the request of all parties.

On these and other facts which it is unnecessary to enumerate, the trial court concluded that the council, in making the change of zone described, did not act illegally, arbitrarily or in abuse of discretion. This conclusion fairly met the issue raised by the appeal to the trial court. *Blake* v. *Board of Appeals*, 117 Conn. 527, 532, 169 A. 195.

The subordinate facts support the conclusion that the council did not act illegally or arbitrarily. We have already disposed of the procedural objections advanced by the defendants. Space limitations have prevented the recital of many of the circumstances involved in the consideration of the matter by the commission and the council. Their action was deliberate and in no sense arbitrary. The remaining question is whether the council abused its discretion.

The plaintiffs cite only two Connecticut cases in which an abuse of discretion was found to exist. Neither conforms to that at bar on its facts. In *Kuehne* v. *Town Council*, 136 Conn. 452, 72 A. 2d 474, a small section of land located in a residential district was changed from residence to business. It was held

(p. 461) that the only benefit shown was that to the applicant and to those residing in the vicinity, that no consideration was given to the general plan of zoning and that there was insufficient cause to justify the change. In *Strain* v. *Mims*, 123 Conn. 275, 288, 193 A. 754, the court said: "The outstanding and controlling fact is that the value of the plaintiffs' property will be diminished about 70 per cent without, so far as appears, in any way promoting the public welfare. . . ." In the case at bar, it is found that the plaintiffs' property will not be diminished in value and that the change accords with a comprehensive plan. In *Bartram* v. *Zoning Commission*, 136 Conn. 89, 68 A. 2d 308, a change by the commission of a lot zoned for residence to business was sustained because, as we stated at page 93, it was in pursuance of a comprehensive plan and so involved no abuse of discretion.

The basic allegation of the plaintiffs was that the council acted arbitrarily, illegally, unreasonably, without authority and in abuse of its discretion. The burden of proof was on the plaintiffs. *DeFelice* v. *Zoning Board of Appeals*, 130 Conn. 156, 164, 32 A. 2d 635; *Perdue* v. *Zoning Board of Appeals*, 118 Conn. 174, 178, 171 A. 26. The zoning authority is endowed with a wide and liberal discretion. *Bartram* v. *Zoning Commission*, supra, 96; *Kamerman* v. *LeRoy*, 133 Conn. 232, 235, 50 A. 2d 175. The discretion reposed in it is "to be overruled only when it is found that [it] has not acted fairly, with proper motives and upon valid reasons." *First National Bank & Trust Co.* v. *Zoning Board of Appeals*, 126 Conn. 228, 237, 10 A. 2d 691; *Piccolo* v. *West Haven*, 120 Conn. 449, 452, 181 A. 615; *Blake* v. *Board of Appeals*, 117 Conn. 527, 533, 169 A. 195; note, 117 A. L. R. 1117, 1128. The court cannot substitute its own discretion for that of the zoning authority. *Piccolo* v. *West Haven*, supra, 455. Some

of the cases cited relate to action of boards of appeal on variances rather than to changes in zone, but where a single property is affected much the same considerations apply. *Parsons* v. *Wethersfield,* 135 Conn. 24, 30, 60 A. 2d 771.

The case at bar is not concerned with changing a lot in a residence zone from residence to business. The proposal is to enlarge a long-established business zone to give better merchandising and parking facilities to a rapidly growing residential development as a part of a comprehensive plan for the whole town. It is true that residents of the district oppose the change. Such protests should be considered but are not controlling. *Bartram* v. *Zoning Commission,* supra, 95; *Heffernan* v. *Zoning Board of Review,* 50 R. I. 26, 31, 144 A. 674. The commission must look at the problem as it affects the town as a whole. The facts found, necessarily abbreviated in this opinion, are ample to sustain the conclusion of the trial court that there was no abuse of discretion.

There is no error.

In this opinion the other judges concurred.