## Laurier F. DeMars et al. v. Zoning Commission of the Town of Bolton

Baldwin, O'Sullivan, Wynne, Daly and Phillips, Js.

Argued June 14—decided July 12, 1955

*John D. LaBelle,* with whom, on the brief, were *Jay E. Rubinow* and *Eugene T. Kelly,* for the appellants (plaintiffs).

*Raymond A. Johnson,* for the defendant (appellee).

WYNNE, J. The zoning commission of the town of Bolton adopted certain changes of the zoning regulations which had been in effect in that town for more than two years. Six residents of the town have appealed from a judgment of the Court of Common Pleas. That court dismissed an appeal by them from the action of the commission in adopting the changes. The question before us is whether the court erred in holding that the commission did not act arbitrarily, illegally, or in abuse of its discretion.

Following is a summary of the facts: Zoning regulations were adopted in the town on August 1, 1951. They provided for a residence zone A, a residence zone B and business zones. Residence zone A includes almost the entire town. Residence zone

B relates to that portion of the town known as the Lake Area. This is primarily a colony of summer cottages surrounding a lake in the town, although some of the cottages have been made suitable for all-the-year occupancy. The business zones are small in area, not yet affected by the surge of out-of-town pressures. On April 19, 1954, a hearing was held by the zoning commission on certain proposals which the commission itself had initiated. These had to do primarily with enlarging lot areas by increasing the minimum dimensions of lots, in residence zone A, from 150 feet in width and 200 feet in depth to 200 by 200 feet; in residence zone B, from 75 feet in width and 150 feet in depth to 150 by 150 feet; and in business zones, from 150 feet in width and 200 feet in depth to 200 by 200 feet.

The plaintiffs' appeal is predicated upon three claims: (1) The commission is without power to change existing regulations unless there has been a substantial change in circumstances and conditions since the adoption of the regulations. (2) Where the commission makes amendments or changes on its own initiative, it must introduce at the public hearing sufficient facts to substantiate a valid reason or reasons for the change. (3) The records of the commission must set forth the facts warranting the commission's finding that a change is necessary.

Section 837 of the General Statutes confers upon zoning commissions the power to adopt regulations, among other purposes, "to promote health and the general welfare." These regulations must be made upon reasonable consideration of the character of the district and its peculiar suitability for particular purposes and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout the town. They may be

amended and changed. Cum. Sup. 1953, § 282c. A zoning authority is endowed with a wide and liberal discretion. *Bartram* v. *Zoning Commission,* 136 Conn. 89, 96, 68 A.2d 308. This discretion is to be overruled only when the commission has not acted fairly, with proper motives and upon valid reasons. *Mallory* v. *West Hartford,* 138 Conn. 497, 505, 86 A.2d 668. It is true that ordinarily a change of zone affecting a small area should be made only when there has been a change in conditions or new considerations have arisen since the previous zoning of the area. *Hills* v. *Zoning Commission,* 139 Conn. 603, 609, 96 A.2d 212, and cases cited on p. 610. In the instant case, the change in the regulations affected a substantial part of the town of Bolton. Even if the requirement was applicable, it has been met adequately. Anticipating that the greatest residential use of land in the town was yet to come, the board concluded that larger lot sizes would provide greater area for the disposal of sewage and would increase the distances between sewage disposal areas and the residential water supply. We cannot say that this purpose of the change in the regulations affecting the size of building lots was so unrelated to the public health and welfare as to be unreasonable. *State* v. *Hillman,* 110 Conn. 92, 100, 105, 147 A. 294; *Strain* v. *Mims,* 123 Conn. 275, 286, 193 A. 754. Zoning regulations such as the one here concerned have generally been held valid. *Simon* v. *Needham,* 311 Mass. 560, 564, 42 N.E.2d 516, 141 A.L.R. 688; 1 Yokley, Zoning Law & Practice (2d Ed.) p. 422. The first claim of the plaintiffs is without merit.

The plaintiffs' second and third claims may be considered together. Section 282c of the 1953 Cumulative Supplement provides that "[w]henever a zoning commission shall make any change in a zoning

regulation or the boundaries of a zoning district it shall state upon its records the reason why such change is made." See *Levine* v. *Zoning Board of Appeals,* 124 Conn. 53, 57, 198 A. 173; *Perdue* v. *Zoning Board of Appeals,* 118 Conn. 174, 179, 171 A. 26; *Grady* v. *Katz,* 124 Conn. 525, 530, 1 A.2d 137. However, as we pointed out in *Couch* v. *Zoning Commission,* 141 Conn. 349, 358, 106 A.2d 173, the members of a zoning commission may well be laymen and cannot be expected to set forth the reasons for their action in language which would satisfy the meticulous criticism of a legal expert. The record of the commission shows that the change was made in the light of expected residential growth, in order to provide larger areas for sewage disposal, and by so doing to lessen the danger to the residential water supply. While the reason for the change was not stated as specifically and in as much detail as it could have been, we cannot say that the commission wholly failed to meet the direction given in the statute. In adopting regulations, the commission acts in a legislative capacity. It is by no means confined to a consideration of only such evidence as may be presented to it, and it is not required to disclose at the public hearing the information upon which it will act. It is entitled to take into consideration facts which may have been learned through personal observation. *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 675, 103 A.2d 535; *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 154, 55 A.2d 909. The second and third claims of the plaintiffs are without validity.

There is no error.

In this opinion the other judges concurred.