LINDY'S RESTAURANT, INC. *v.* ZONING BOARD OF APPEALS OF THE CITY OF HARTFORD ET AL.

BALDWIN, O'SULLIVAN, WYNNE, DALY and COMLEY, Js.

Argued June 13—decided July 17, 1956

*Leon RisCassi,* with whom was *William R. Davis,* for the appellant (defendant The Hofbrauhaus of Hartford, Inc.).

*Harold Strauch,* for the appellee (plaintiff).

DALY, J. The defendant The Hofbrauhaus of Hartford, Inc., hereinafter referred to as the defendant, together with the owner of the building in which the defendant conducts its restaurant business, was granted a variance of the zoning regulations by the unanimous vote of the five members of the zoning board of appeals of Hartford. The plaintiff, the proprietor of a nearby restaurant, appealed to the Court of Common Pleas, alleging that it was aggrieved by the action of the board in granting the application of the defendant, and prayed that the court direct the board to deny the defendant's application. The court rendered judgment sustaining the appeal, and from that judgment the defendant has appealed to this court.

Since September, 1948, the defendant, as a tenant, has conducted at 371 Trumbull Street in Hartford a restaurant business where intoxicating liquors are sold to be consumed on the premises. The leased premises are a part of the Savoy Hotel building, which is located in a business 2 zone. The owner of the property and the defendant jointly applied to the board for a variance authorizing the use of a store at 365 Trumbull Street, in the owner's build-

ing, as part of the defendant's restaurant. The hotel lobby separates the front of the store on Trumbull Street from the forefront of the restaurant. Behind the lobby the store and the restaurant are contiguous. The defendant proposes to have an opening made in the inside wall and to have the kitchen and the service and stand-up bars for the sale of alcoholic liquor in the part of the building known as 365 Trumbull Street. Within 1500 feet of the property there are many restaurants, grills and taverns serving alcoholic liquors.

The pertinent portions of the Hartford zoning ordinance provide, in substance, that in a business zone no premises shall be used for a restaurant "serving alcoholic liquor as defined in the Liquor Control Act" if any part of the premises is situated on any part of a lot within 1500 feet of property upon which there is "a restaurant, grill or tavern serving alcoholic liquor"; §§ 42-10(a)(5)(A)(a), 42-11(a) (1); that the zoning board of appeals may determine and vary the application of the zoning regulations in harmony with their general purpose and intent, this power to be exercised only if there is difficulty or unreasonable hardship in carrying out the strict letter of the ordinance and so that the spirit of it shall be observed, public welfare and safety secured and substantial justice done. § 42-20 (5).

Upon the plaintiff's appeal to the Court of Common Pleas, the question for determination was whether the board, in granting the defendant's application, acted legally and within its discretion, as claimed by the defendant, or illegally, arbitrarily and in abuse of its discretion, as claimed by the plaintiff. *Benson* v. *Zoning Board of Appeals,* 129 Conn. 280, 281, 27 A.2d 389; *Levine* v. *Zoning Board*

*of Appeals,* 124 Conn. 53, 57, 198 A. 173. The court decided the case upon the transcript of the proceedings at the hearing before the board.

It is true, as claimed by the defendant, that as a fundamental proposition the decisions of zoning authorities are to be overruled only when it is found that they have not acted fairly, with proper motives and upon valid reasons. *McMahon* v. *Board of Zoning Appeals,* 140 Conn. 433, 438, 101 A.2d 284; *Mallory* v. *West Hartford,* 138 Conn. 497, 505, 86 A.2d 668. In the instant case, it is clear from the pertinent provisions of the ordinance recited above that the board would be unwarranted in granting the defendant relief unless it was satisfied that the enforcement of the strict letter of the ordinance would result in "unreasonable hardship" to the defendant. The decisive question presented by the record upon this appeal, therefore, is whether it contains facts which are sufficient to establish this essential. *Benson* v. *Zoning Board of Appeals,* supra, 282. As shown by the transcript of the proceedings at the hearing before the board, the only hardship which the defendant will suffer if it is not permitted to use the additional space in carrying on its restaurant business is a financial one. We have repeatedly held that the power to grant a variance must be sparingly exercised. A pecuniary loss does not furnish the difficulty or hardship contemplated by the zoning ordinance. *Paul* v. *Board of Zoning Appeals,* 142 Conn. 40, 43, 110 A.2d 619; *Heady* v. *Zoning Board of Appeals,* 139 Conn. 463, 467, 94 A.2d 789; *Celentano* v. *Zoning Board of Appeals,* 136 Conn. 584, 587, 73 A.2d 101; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 543, 45 A.2d 828. In sustaining the plaintiff's appeal, the court correctly decided that financial hardship did

not justify the board's granting the defendant's application for a variance.

There is no error.

In this opinion the other judges concurred.