ROBERT M. DEL BUONO *v.* BOARD OF ZONING APPEALS OF THE TOWN OF STRATFORD

BALDWIN, O'SULLIVAN, WYNNE, DALY and COMLEY, Js.

Argued June 14—decided July 27, 1956

674

*Anthony T. Varone,* with whom, on the brief, were *Raymond W. Ganim* and *George W. Ganim,* for the appellant (defendant).

*Thomas B. Coughlin,* for the appellee (plaintiff).

O'SULLIVAN, J. Since the early part of 1953, the plaintiff has been the owner of a five-acre tract of land in the town of Stratford. It is bounded on the north by a shipyard, on the east by the Housatonic River, on the south by land occupied by a group of dilapidated shanties, and on the west by route 1, a heavily traveled thoroughfare. A gasoline station and a marine supplies store of generous proportion are on the westerly side of this thoroughfare near the tract in question. In the immediate neighborhood another station, a garage and a restaurant have recently been built, their former location having been taken for the new Greenwich-Killingly expressway which passes about 650 feet away.

The plaintiff's property is in a residence B zone. Approximately twenty-five years ago, it had been zoned for industry when an aircraft concern contemplated erecting a plant upon it, but after that plan collapsed the zonal classification reverted to residence B, and since then no further change has been made. In the meantime, business and industry have crept into the vicinity of the tract, and this

tendency has accelerated in recent years. All of the surrounding property is now in either a business or an industrial zone.

On February 7, 1955, the plaintiff filed with the planning and zoning board a petition asking that the tract, in whole or in part, be rezoned to business 1. A public hearing was had on March 2, 1955. On May 16, 1955, the petition was denied. From that ruling the plaintiff appealed to the board of zoning appeals, the defendant herein. The appeal was fully heard on June 9, 1955, and about three weeks later was terminated by the adoption of the following vote: "Be It Resolved the decision of the Town Planning and Zoning Board of May 16, 1955 be reversed to the extent that Robert M. Del Buono is granted a waiver of Residence B requirements to permit use for the following purposes, and subject to the conditions stated hereafter: 1. A dock, wharf, slip, basin or similar land for pleasure boats or for vessels engaged in fishing or shellfishery. 2. A yard for building, storing, repairing, or servicing boats. 3. A sail loft or ship chandlery, including the sale of marine equipment, engines and supplies. 4. Accessory uses customarily incidental to a permitted use, including the dispensing of fuels and lubricants to boats only. 5. Signs pertaining to a business on the premises only, and in accordance with sign regulations." The effect of this vote was to deny the request for a change of zone and in lieu thereof to grant the plaintiff a waiver of the zoning regulations. The limitation precluding the use of the tract for businesses other than those enumerated conformed to the plaintiff's statement at the public hearing that all he wanted to do with his property was to use it for marine and boating activities. To that end, he had submitted a plot plan, prepared by

an architectural engineer, indicating areas for boat slips, dry docks, parking, and a boat supplies building. As we shall later point out, the waiver was good for only two years.

The plaintiff appealed from the decision of the board of zoning appeals to the Court of Common Pleas. His appeal was sustained, and the defendant board has now appealed to this court.

The petition presented to the planning and zoning board was not for a waiver. The plaintiff was seeking a change of zone. The same request was before the board of zoning appeals when he appealed to that body from the denial of his petition. The narrow question, then, submitted to us is whether the court erred in holding that the defendant, by its refusal to change the classification of the plaintiff's tract from residence B to business 1, and by its granting, on its own motion, a temporary waiver for specific uses, acted illegally or arbitrarily. *Chouinard* v. *Zoning Commission*, 139 Conn. 728, 731, 97 A.2d 562.

In 1945, the town council, acting as the legislative body of Stratford, adopted an entirely new zoning ordinance which, with certain amendments, is presently in effect. The ordinance sets up a planning and zoning board, indiscriminately referred to, in the enactment, by that name and as the planning board. Section 17 recites, in part, that "the Planning Board shall have the power to adopt new zoning regulations and to amend, change or repeal the regulations of this ordinance and to establish new zone boundaries and to amend, change or abandon the present zone boundaries" under conditions and procedural steps then stated. Section 21 (A) provides that "[t]he Board of Zoning Appeals shall hear and decide appeals of aggrieved persons from

decisions of the Planning Board; it may affirm, reverse, modify, alter or revise any order or decision of the Planning Board." Since no claim to the contrary has been advanced by either party, we shall assume that these provisions are valid and confer the enumerated powers upon these two boards.

Zoning finds its warrant in the police power. *State* v. *Hillman,* 110 Conn. 92, 100, 147 A. 294. But if zoning is to be valid, it must have a rational relation to the public health, morals or safety or to the general welfare of the community. *Corthouts* v. *Newington,* 140 Conn. 284, 288, 99 A.2d 112. Moreover, the power to zone and thus to impose restrictions upon the use of private property is not unlimited even though its exercise will confer a real benefit upon the public. It is subject to its own restrictions in that it never can be exercised in an arbitrary manner. *Florentine* v. *Darien,* 142 Conn. 415, 423, 115 A.2d 328. Therein lies the weakness of the defendant's position.

Because of the zonal classification in which the plaintiff's property has been placed, he has, for all practical ends, lost all right to its enjoyment, since it has been stripped of every use to which it might reasonably be put. As the defendant concedes in its brief, the land cannot serve residential purposes until extensive piling, fill, drainage and retaining walls are put in at great expense to the owner. To this must be added the fact that, after such expense has been incurred, it is extremely doubtful that anyone would be lured into buying a lot because of the excessive cost and because of the surrounding neighborhood, zoned, as it is, only for business and industry. In other words, the fact that the land is in a residence B zone precludes its use for any purpose for which it is or can reason-

ably be made adaptable and compels the owner to use it, if at all, for a purpose for which it is utterly unfitted. A classification permanently restricting the enjoyment of property to such an extent that it cannot be utilized for any reasonable purpose goes beyond valid regulation and constitutes a taking without due process. *Arverne Bay Construction Co.* v. *Thatcher,* 278 N.Y. 222, 232, 15 N.E.2d 587. The classification would be unreasonable and confiscatory. *Corthouts* v. *Newington,* 140 Conn. 284, 289, 99 A.2d 112; *Oschin* v. *Redford,* 315 Mich. 359, 363, 24 N.W.2d 152; 8 McQuillin, Municipal Corporations (3d Ed.) § 25.45. Under the circumstances of the case at bar, the plaintiff was entitled to have his land removed from uselessness and zoned to permit its most appropriate use. See *Hills* v. *Zoning Commission,* 139 Conn. 603, 609, 96 A.2d 212.

We again observe that the plaintiff was seeking a change of zone, not a waiver, and the two are not equivalents. *Plumb* v. *Board of Zoning Appeals,* 141 Conn. 595, 599, 108 A.2d 899. If we assume that the defendant was empowered to grant a waiver in the face of the fact that the published notice of the public hearing referred only to a petition for a change of zone, its action is still as incapable of support as is the existing zoning restriction. To be sure, the plaintiff may now conduct on the tract the business he wishes to operate. The length of time when he may do this, however, is short. It covers but two years, the longest period permitted under the ordinance. Stratford Zoning Regs., § 20 (B) (9) (1952). To make the land adaptable for the use now authorized by virtue of the waiver will consume some, if not all, of that time and will call for vast physical changes in the land, with their attendant cost. It is unreasonable and oppressive to require the plaintiff,

if he makes these large expenditures, to limit his subsequent use of the tract to the allotted period of the waiver. The action of the board was invalid.

It is of no moment that the plaintiff bought the tract in 1953. Zoning is concerned with the use of property and not primarily with its ownership. *State ex rel. LaVoie* v. *Building Commission,* 135 Conn. 415, 419, 65 A.2d 165; *Abbadessa* v. *Board of Zoning Appeals,* 134 Conn. 28, 32, 54 A.2d 675. Neither will a change in zone amount to spot zoning. It will not result in wrenching a single lot or parcel of land from its environment and giving it a new rating that disturbs the tenor of the neighborhood. *Hills* v. *Zoning Commission,* 139 Conn. 603, 609, 96 A.2d 212.

There is no error.

In this opinion the other judges concurred.