SUFFIELD HEIGHTS CORPORATION *v.* TOWN PLANNING
COMMISSION OF THE TOWN OF MANCHESTER

O'SULLIVAN, C. J., BALDWIN, WYNNE, DALY and KING, Js.

Argued May 8—decided June 18, 1957

*Charles N. Crockett,* for the appellant (defendant).

*Raymond A. Johnson,* for the appellee (plaintiff).

BALDWIN, J. The defendant commission has appealed from a judgment of the Court of Common Pleas which sustained the plaintiff's appeal from the denial by the commission of the plaintiff's application for a change of zone from residence A to business 1.

The facts are as follows: The plaintiff owns a parcel of land adjoining and to the north of the business zone on the north side of East Center Street, at its intersection with Lenox Street, in Manchester. The business zone extends along the north side of East Center Street for approximately 300 feet and has a depth of 320 feet. The portion of the zone adjacent to the plaintiff's land is owned by the East Center Street Corporation and is occupied by a shopping center containing nine stores. Next to this on the west is a building designed to accommodate a branch bank and a store, with offices on the second floor. The plaintiff's land is substantially triangular in shape, the base of the triangle adjoining the land on which the shopping center is located and the westerly and easterly

boundary lines extending 540 and 631 feet, respectively, to a northerly boundary parallel to the southerly boundary but only 50 feet long. A wall, mounted by a five-foot wire mesh fence, extends along the easterly boundary and retains land lying to the east which is twelve feet higher than the plaintiff's land. The plaintiff's land is zoned residence A and is bounded on three sides by other lands also zoned residence A. The plaintiff applied to have the southerly portion, including that which was within 200 feet of the business zone, zoned business 1. The buildings hereinbefore described are set back 140 feet from East Center Street, and the area in front of them is used for parking, in accordance with the zoning regulations. There is an increasing demand for off-street parking to accommodate those who come to do business in the area. The purpose of the plaintiff's application was to make additional land available for parking. East Center Street is one of the main thoroughfares in Manchester, and the area under consideration is a relatively short distance from the main business center of the town. The defendant denied the plaintiff's application and gave as its only reason that a change of zone from residence to business would result in "jutting a Business Zone into a Residential area."

The rule often stated by this court that courts cannot substitute their discretion for the liberal discretion which the legislature has conferred on local zoning authorities (*Couch* v. *Zoning Commission,* 141 Conn. 349, 359, 106 A.2d 173, and cases cited) is based upon two fundamental reasons. First, courts do not have administrative or legislative powers and consequently do not hear appeals from zoning authorities de novo. Second, local authorities are presumed to be more familiar with the circum-

stances of a given situation and the peculiar character and inherent nature of the zonal development of their town. Situations arise, however, where the application of zoning to a particular piece of property practically destroys its value for any permitted use to which it can reasonably be put and where the application of the ordinance bears so little relationship to the purposes of the zone requirement, as it affects that particular property, as to render the regulation confiscatory or arbitrary. *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 51, 118 A.2d 894. The legislature has given a right of appeal from the decisions of local zoning authorities to the Court of Common Pleas, which "may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." Cum. Sup. 1955, § 379d. In the light of the statute, a court cannot take the view in every case that the discretion exercised by the local zoning authority must not be disturbed, for if it did the right of appeal would be empty. Therefore, the court can grant relief upon appeal in those cases where the local authority has acted arbitrarily or illegally and consequently has abused the discretion entrusted to it. *Lindy's Restaurant, Inc.* v. *Zoning Board of Appeals,* 143 Conn. 620, 622, 124 A.2d 918. In reviewing the action of the court, we have to decide whether it could in logic and in law reach the conclusion that the commission should be overruled.

The record of the hearings before the commission contains testimony that the land for which the change in zone was sought was unsuitable for residential use and "entirely unfit for any other use but business." This testimony was not contradicted. More important, and essential to the sustaining of the trial court's decision, was the circumstance that

this testimony was supported by incontrovertible physical facts, as was disclosed by the numerous exhibits in the commission's record. The court viewed the location. In its memorandum of decision the court stated: "If the zonal change were permitted, the parcel of land in question, an inner lot situated to the rear of an already existing business zone and useless for residential purposes, would be permitted to have utility for the parking of cars in connection with the extensive public uses of the business zone fronting the public highway." The rationale of the court's decision is essentially that the denial of the plaintiff's application for a reclassification of its land prevented it from making any reasonable use of that land. "A classification permanently restricting the enjoyment of property to such an extent that it cannot be utilized for any reasonable purpose goes beyond valid regulation and constitutes a taking without due process." *Del Buono v. Board of Zoning Appeals,* 143 Conn. 673, 678, 124 A.2d 915, and authorities there cited; see *Fiorilla v. Zoning Board of Appeals,* 144 Conn. 275, 280, 129 A.2d 619; *Libby v. Board of Zoning Appeals,* 143 Conn. 46, 51, 118 A.2d 894. Under the circumstances of this case, the decision of the court reversing the commission can be justified both in logic and in law.

The defendant's argument that the change of zone is not in furtherance of the comprehensive plan of zoning for Manchester is invalid. The proposal is to extend, at the dictate of public convenience and necessity, an existing business zone created by the commission. It is not to create a new one. *Hills v. Zoning Commission,* 139 Conn. 603, 609, 96 A.2d 212; *Mallory v. West Hartford,* 138 Conn. 497, 506, 86 A.2d 668; see *Zuckerman v. Board of Zoning Appeals,* 144 Conn. 160, 164, 128 A.2d

325. The further claim of the defendant that, having refused to grant the plaintiff's application at an earlier hearing, it was powerless to reverse itself at a second hearing shortly thereafter and was therefore justified in its action lacks merit. There was a substantial change in conditions owing to the construction in the business zone of an additional building to contain a bank, a store and offices. *Fiorilla* v. *Zoning Board of Appeals,* 144 Conn. 275, 279, 129 A.2d 619. Furthermore, we are dealing here with the action of a legislative body as distinguished from a board of appeals, and the rule upon which the defendant relies does not necessarily apply. *Winslow* v. *Zoning Board,* 143 Conn. 381, 390, 122 A.2d 789.

There is no error.

In this opinion O'SULLIVAN, C. J., WYNNE and KING, Js., concurred.

DALY, J. (dissenting). It is stated in the opinion of the majority that the record of the hearing before the defendant commission contains testimony that the land for which the change in zone was sought was unsuitable for residential use and "entirely unfit for any other use but business"; that this testimony was uncontradicted; that it was supported by incontrovertible physical facts, as was disclosed by the numerous exhibits in the commission's record; that the court viewed the premises; and that the "rationale of the court's decision is essentially that the denial of the plaintiff's application for a reclassification of its land prevented it from making any reasonable use of that land." Although the court viewed the premises, as shown by the memorandum of decision, its decision was based upon the record. The record shows that the plaintiff owned two adjacent parcels of land which were

zoned for business, rented to other parties and used exclusively for residential purposes. The plaintiff does not intend to use this available property for business but desires to use the land in question for business. In addition, the record indicates that the plaintiff purchased the land in question with full knowledge that it was in a residence A zone. These facts presented weighty considerations why the commission should not grant the application and thereby cause substantial injury to nearby residential properties, located in the same residence A zone on the three streets near the property in question and owned by a large number of people, including many who appeared at the hearings before the commission and stated that injury would be done to their residential properties by the granting of the application. When the plaintiff bought the property, it voluntarily took the chance that it would not be permitted to use it for a purpose expressly prohibited by the zoning regulations. *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 544, 45 A.2d 828; *Greenwich Gas Co.* v. *Tuthill,* 113 Conn. 684, 694, 155 A. 850. The trial court took the view that the commission acted illegally in denying the plaintiff's application for this expressly prohibited use, and the majority hold that the court was not in error.

Zoning authorities are endowed with a wide and liberal discretion. The court is powerless to replace the discretion of the commission with its own. The modification of zone boundaries and regulations by a zoning commission partakes of the nature of legislative proceedings. The court cannot substitute its judgment, especially in a legislative matter, for the judgment of the commission when the considerations are fairly debatable. *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 709,

88 A.2d 538. "Regulations may result to some extent, practically in the taking of property, or the restricting [of] its uses, and yet not be deemed confiscatory or unreasonable. Courts will not substitute their judgment for the legislative judgment when these considerations are fairly debatable." *State* v. *Hillman,* 110 Conn. 92, 105, 147 A. 294; *Poneleit* v. *Dudas,* 141 Conn. 413, 418, 106 A.2d 479. In addition, the defendant commission was by no means confined to a consideration of only such evidence as was presented to it at the public hearings, the evidence upon which the trial court based its contrary conclusion. The commission was not required to disclose at the public hearing the information upon which it acted. It is entitled to take into consideration facts which may have been learned through personal observation. *DeMars* v. *Zoning Commission,* 142 Conn. 580, 584, 115 A.2d 653. The members of the commission could take into consideration personal knowledge which they had properly acquired. *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 675, 103 A.2d 535. They were entitled to regard those facts to the same extent as though they were offered in evidence before them. *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 154, 55 A.2d 909. It is clear, therefore, that the decision of the commission may well have been reached after its members took into consideration facts which were not brought to the attention of the court by the record, which consisted only of the testimony and exhibits offered in evidence at the hearings before the commission.

I am unable to agree with the majority opinion, which holds that the court did not err in reversing the decision of the commission. It is my belief that the majority have annulled well-established law

which we have frequently asserted and which I have briefly discussed. In summarizing the grounds for my dissent, I adopt the language used by this court 129 years ago in *Palmer* v. *Mead,* 7 Conn. 149, 158: "There is not in the common law a maxim more eminently just, and promotive of the public convenience, than that of *stare decisis.* . . . Besides, if law well established may be annulled, by opinion, a foundation is laid for the most restless instability. The decisions of one court may be overruled by another court; and those of the latter will only have a transient efficacy, until some future court, dissatisfied with them, shall substitute new principles in their place. No system of inflexible adherence to established law can be as pernicious as such ceaseless and interminable fluctuations."