[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Watertown Planning and Zoning Commission, on August 7, 1989, amended its zoning regulations to provide for a Planned Regional Shopping District (PRSD) consisting of a minimum area of "one hundred acres upon initial creation". There was at that time no areas so designated on the zoning map of the Town of Watertown.
On August 23, 1989, Plaintiff Homart Development, through its attorneys, applied for an amendment to the Watertown Zoning map seeking a zoning change of approximately one hundred sixty-two acres from Restricted Industrial (IR-200) Restricted Industrial (IR-80) and General Industrial (IG-200) to Planned Regional Shopping District Zone (PRSD). The acreage in question was subject to options possessed by plaintiff. The Homart property is the proposed site of the Watertown Mall, an approximate eight hundred thousand square foot shopping center,
Public hearings and special meetings on the application for an amendment to the zoning map seeking zone changes were held on October 24, 1989; November 1, 1989; November 2, 1989; November 6, 1989; November 8, 1989; November 20, 1989. At its meeting on January 24. 1990, the Commission voted to deny the application of Homart. Notice of the decision was duly published on February, 1990. On February 15, 1990, Plaintiff appealed the decision of the Planning and Zoning Commission to this court.
The first issue to be determined by this CT Page 3803 Court is that of aggrievement. Section 8-8 of the Connecticut General Statutes provides that any person aggrieved by any decision of said Board may take an appeal. Before the court is able to entertain the merits of the Plaintiff's case, the question of aggrievement which is a prerequisite to the exercise of jurisdiction in this case must been met and satisfied. Walls v Planning and Zoning Commission, 176 Conn. 475, 479
(1979). Testimony was received from James Farrell, Development Director of Plaintiff Homart Development Co. that plaintiff held options on one hundred fifty acres of the proposed one hundred sixty-two acre zone and had written authority from owners of the remaining twelve acres to proceed to attempt the zone change on their behalf although no writing was presented to the court. Connecticut courts recognized that the owner of property that is the subject of a Board's decisions is an aggrieved person. Bossert Corp v. Norwalk, 157 Conn. 279, 285 (1968). Option rights in a parcel of property give the option holder an interest in the land sufficient to demonstrate a specific personal and legal interest in the Commission's decision. Goldfeld v. Planning and Zoning Commission 3 Conn. App. 172,176, (985). The court finds that the plaintiff was aggrieved by the decision of the Board.
The remaining issue to be decided is whether the Planning and Zoning Board acted illegally, arbitrarily or in abuse of discretion in denying plaintiff's application to amend the zoning map which would change several zones to a PRSD zone. Because this application requested a zoning change, the trial court required to review the decision made by the Commission acting as in it's legislative capacity. Primerica v Planning and Zoning Commission 211 Conn. 85 (1989 citing Burnham v. Planning and Zoning Commission189 Conn. 261, 265 (1983). In such circumstances it's not the function of the court to retry the case. Conclusions reached by the Commission must be upheld by the trial court if they are. reasonably supported by the record. The credibility of witnesses and the determination of issues of facts are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the CT Page 3804 agency supports the decision reached. Calandro v Zoning Commission, 176 Conn. 439, 440 (1979). Courts are not to substitute their judgment for that of the Board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably exercised after a full hearing. Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 49 (1984) citing Whittaker v. Zoning Board of Appeals, 179 Conn. 650,654 (1980). Courts must not disturb the decision of the Zoning Commission unless the party aggrieved by the decision establishes that the Commission acted arbitrarily or illegally. First Hartford Realty Corp. v. Town Planning and Zoning Commission 165 Conn. 533 (1973). The court here fails to find that the plaintiff has sustained that burden.
Plaintiff claims that the defendant Commission failed to state the reasons for its decision denying its application to amend the zoning map or that the reasons stated by several members that they delivered their regulations were not adequate was not a sufficient reason or was an illegal reason.
Section 8-3 (c) of the General Statutes provides in part as follows:
"Whenever such commission makes any change in a regulation or boundary it shall state upon it's records the reasons why such change is goes made". (Emphasis added).
In the instant case, the Commission did not change the boundary. Technically speaking, it did not have to state its reasons. Further, the courts have held that the provision of stating a reason is directory only and failure to comply with it does not make the action of the Commission void. Corsino v. Grover 148 Conn. 299,310 (1961).
Where reasons are given on the record but inartfully so, the courts have held that members of a zoning commission may well be laymen and cannot be expected to set forth the reasons for their action in language that would satisfy the meticulous criticism of a legal expert. DeMars v Zoning Commission, 142 Conn. 580 (1955) citing CT Page 3805 Couch v. Zoning Commission, 141 Conn. 349 (1954).
The record in this case supports the action of the commission.
Therefore, the appeal is dismissed.
KULAWIZ, J.