[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs appeal to this Court from the granting of a landfill permit to James Gambardella by the North Haven Planning and Zoning Commission on August 6, 1990.
On May 16, 1991 this Court heard testimony from the plaintiffs that their property abuts the James Gambardella property. The plaintiffs are therefore aggrieved and have standing to take this appeal. Fletcher vs. Planning and Zoning Commission, 138 Conn. 497 (1969), Hyser vs. Zoning Board of Appeals, 155 Conn. 236 (1967), Smith vs. Planning and Zoning Board of City of Milford, 203 Conn. 317.
The plaintiffs first claim that the Commission failed to publish its decision within the ten-day period as prescribed in Section 8.3 of the Town of North Haven regulations.
Section 8-3c of the Connecticut General Statutes states that notice of the Commission's decision shall be published within fifteen days
The decision was rendered on August 6, 1990 and published on August 17, 1990, eleven days later.
The defendant took the position that the State Statute was applicable and they had fifteen days within which to publish their decision. They further claim that Mr. Gambardella was granted a fill permit which differs from an excavation permit. The excavation permit sets forth the requirements necessary for approval which includes publication of the decision within ten days. They further argue that a fill permit is different from an excavation permit and the language of the Town's regulations say nothing about time for publication and therefore the State Statutes should govern, thus allowing fifteen days for publication.
The plaintiffs argue that the defendants failed to comply with the requirements set forth in the Town of North Haven Regulations and more specifically Section 8.3 requirements for approval, govern both types of permits.
The Court differs with the plaintiffs in this regard because that section of the North Haven Regulations which applies to this permit application is Section 8.9 entitled Land Fill Restrictions. The defendant has applied for a land fill operation permit not an excavation, removal and filling of earth material permit.
There is no question but that Section 8.3, Requirements of Approval under Section 8 entitled Excavation, Removal and Filling of Earth Material, requires publication within ten days. CT Page 5231
The regulations dealing with land fill restrictions Section 8.9 under Requirement for Approval Section 8.11 merely indicates that before a permit is issued for landfill, "The Planning and Zoning Commission shall hold a public hearing in accordance with the provisions of Section 8.3 herein." That language is void of any requirement regarding publication. With no specific limitation set in the regulation the State Statute requiring publication within fifteen days shall prevail. The Commission published its decision in eleven days which falls within the fifteen day period. The Commission therefore acted properly and did publish within the requisite time period.
The plaintiffs' next claim that the Commission acted improperly by not submitting the defendants' application to the Inland Wetland Agency and in rendering a decision without receiving a report from the Inland Wetland Agency.
The Commission determined, as set forth in the record at pages 17-23, that the property in question had been filled in before the law affecting wetlands was passed, that the property in question is not designated wetlands, that it is not on the wetland boundary map, although it has the visual appearance of wetlands, that there was no real documentation that there was wetlands there, that although there is a visible appearance of wetlands it is not on the wetlands map, and there has been no testing done to verify that there is wetlands there. Normally if someone fills an area that we think is wetlands we require a soil scientist to go out and verify. And they test and verify that. We did not go that route because, I think, it was in 1982 a new law came out that said even if you have, prior to that, if you have wetlands on your property and you had an approved building lot, then you did not have to get an approval from Inland Wetland. You could just fill that wetland area. He has demonstrated to us that the fill that he originally placed there was prior to that change in the law, so our interpretation or judgment call was that in this case we would not send it to Inland Wetland.
In reaching its decision, the defendant Zoning Board of Appeals may act upon its own knowledge and observations. Blatteman [Blakeman] vs. Planning and Zoning Commission of the City of Shelton, 152 Conn. 303 (1965).
Upon a review of the zoning appeal, the Court will not disturb the decision of the Zoning Board of Appeals if it is reasonably supported by the record. Burnham vs. Planning and Zoning Commission, 189 Conn. 261
(1983).
The Court is powerless to replace the Board's discretion with its own. Suffield Heights Corporation vs. Town Planning Commission of the Town of Manchester 144 Conn. 425 (1957).
The plaintiffs' final claim is that the Commission acted illegally, arbitrarily and in abuse of its discretion in granting the permit without requiring the individual defendant to submit maps, plans and CT Page 5232 specifications.
The Commission had before it the plan submitted by the defendant, Gambardella, although it was presented the day of the hearing. The plan was referred to in the record at pages 4 and 9. It is obvious that the Commission had before it the plan as submitted by the defendant Gambardella; therefore, the claim by the plaintiffs that "individual defendant," did not submit maps or plans is without merit.
The question is not whether the trial Court would have reached the same conclusion, but whether the record before the agency supports the decision reached. Colandro vs. Zoning Commission, 176 Conn. 439 (1979).
The history of zoning legislation indicated a clear intent on the part of the General Assembly that solutions to zoning problems should be left to the local agency. Eden vs. Town Planning and Zoning Commission, 139 Conn. 59
(1952).
The plaintiffs appeal is dismissed.
ROBERT C. FLANAGAN JUDGE OF SUPERIOR COURT.